479 So.2d 316 (1985)
FREEDOM SAVINGS & LOAN ASSOCIATION f/k/a Combank, a Savings and Loan Institution, and Jerome Fishkin, Appellants,
v.
ORMANDY & ASSOCIATES, INC., and Richard D. Ormandy, Appellees.
No. 85-990.
District Court of Appeal of Florida, Fifth District.
December 12, 1985.
Seymour Benson, Orlando, for appellants.
William G. Osborne of Osborne & Aikin, Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from a non-final order determining jurisdiction of the person. We have jurisdiction under Rule 9.130(a)(3)(C)(i). The trial court had no jurisdiction over the person of Jerome Fishkin so we reverse the order.
Fishkin was a Pennsylvania resident and assisted appellee in obtaining a loan from Freedom Savings & Loan Association, a Florida bank. His assistance amounted to guaranteeing an "irrevocable" letter of credit issued by a Pennsylvania bank to Freedom as collateral for Freedom's loan to appellee. For some reason Fishkin became disenchanted with the business and told the Pennsylvania bank to withdraw its "irrevocable" letter of credit. It did so and just after that Fishkin called Freedom to *317 ask if the withdrawal, actually a revocation, had been effected. It had. Appellee sued Fishkin alleging that he had tortiously interfered with an advantageous business relationship. Fishkin stated that if he had, he had done it in Pennsylvania, not Florida, and that there was no jurisdiction over him in the Florida court.
The long arm statute, section 48.193(1)(b), gives jurisdiction to Florida courts over non-citizens or non-residents of this state if the accused "commits a tortious act within this state." The only act which might be deemed tortious would be causing the actual revocation of the letter of credit. In this regard Fishkin's acts occurred in Pennsylvania, not Florida. His followup call to determine whether his efforts had succeeded was after the actual commission of the tort, analogous to checking to see if a pulse is detectable on a dead body. Because no part of Fishkin's alleged tortious conduct occurred in Florida, this court is without jurisdiction. The order is reversed and this cause is remanded to the trial court for a dismissal of the complaint as to Fishkin.
REVERSED AND REMANDED.
ORFINGER and COWART, JJ., concur.