509 So.2d 1373 (1987)
McLEAN FINANCIAL CORPORATION, et al., Appellants,
v.
WINSLOW LOUDERMILK CORPORATION, Etc., et al., Appellees.
No. 87-204.
District Court of Appeal of Florida, Fifth District.
July 23, 1987.
*1374 John A. Reed, Jr., and Terry C. Young of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for appellants.
Douglas C. Spears of Smathers, Pleus, Adams, Fassett & Divine, P.A., Orlando, for appellees.
COWART, Judge.
In McLean Savings and Loan Association v. Winslow Loudermilk Corporation, 469 So.2d 217 (Fla. 5th DCA 1985), this court affirmed the trial court's finding that McLean Savings and Loan was engaged in a course of business in Florida providing permanent loan financing and was subject to long arm jurisdiction under Section 48.193(1)(a), Florida Statutes. After that holding the plaintiffs in that case (appellees herein) amended its complaint to add as parties defendant, appellants, McLean Financial Corporation, a subsidiary of McLean Savings and Loan, and appellant, Frank Howard, an officer of both corporations. In final essence, the complaint against these appellants alleges misrepresentations during loan commitment negotiations made in telephone conversations between plaintiffs in Florida and appellants in Virginia. Appellants questioned the validity of long arm jurisdiction over them. The trial court denied appellants' motions to dismiss, to quash, and to abate the complaint against them for lack of jurisdiction and they appealed. We reverse.
We find that the plaintiffs, when challenged, failed to substantiate the jurisdictional allegations against appellants in the complaint. First, appellants, as distinguished from McLean Savings and Loan Association, were not "doing business" within the State of Florida under Section 48.193(1)(a), Florida Statutes. Second, the "tortious act" alleged, being the making of fraudulent representations in Virginia, by telephone, was not committed in the State of Florida as required by Section 48.193(1)(b), Florida Statutes. See Freedom Savings and Loan Association v. Ormandy & Associates, Inc., 479 So.2d 316 (Fla. 5th DCA 1985); April Industries, Inc. v. Levy, 411 So.2d 303 (Fla. 3d DCA 1982). Finally, Section 48.193(1)(f), Florida Statutes, which concerns an injury within the State of Florida arising out of an act or omission occurring outside Florida, does not apply because that statute requires, and the facts in this case do not show, physical injury to occur to persons or property within Florida, as distinguished from financial injury. See Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 488 So.2d 83 (Fla. 1st DCA 1986).
Accordingly, we reverse the order finding personal jurisdiction over appellants under *1375 the Florida long arm statute and remand with instructions to dismiss the complaint as to appellants.
REVERSED and REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.