COBB, Judge.
In this case the trial court sentenced the appellant, William Scott Gollwitzer, based on the sentencing guidelines in effect at the time of the sentence. This was in accordance with the law as perceived by the Florida Supreme Court. See, e.g., Patterson v. State, 499 So.2d 831 (Fla.1987), vacated, — U.S. —, 107 S.Ct. 3206, 96 L.Ed.2d 693 (1987); Van Horn v. State, 498 So.2d 426 (Fla.1986); Wilkerson v. State, 494 So.2d 210 (Fla.1986), vacated, — U.S. —, 107 S.Ct. 3206, 96 L.Ed.2d 693 (1987); State v. Jackson, 478 So.2d 1054 (Fla.1985). Recently, however, the United States Supreme Court has corrected those holdings in Miller v. Florida, — U.S. —, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), reversing State v. Miller, 488 So.2d 820 (Fla.1985). The guidelines in effect at the time of the offense apply.
Accordingly, we reverse and remand for resentencing.
DAUKSCH and ORFINGER, JJ., concur.