PER CURIAM.
This is an appeal from a non-final order denying appellants’ motion to quash service of process for lack of in personam jurisdiction.
The appellee alleges that Fitz and Bar-ner, residents of Pennsylvania, were agents or employees of codefendant, Malnick, whose tour company was doing business with appellee in Florida. The only allegations against appellants, individually, are that they executed dishonored business checks delivered by Malnick as payment to appellee’s Florida hotel.
Section 48.193, Florida Statutes, provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
(c) Owning, using, or possessing any real property within this state.
[[Image here]]
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
(Fla.Stat.1987).
Appellants submitted affidavits declaring that they were not Florida residents, and were merely employees with no managerial responsibility. Plaintiff did not contest these assertions by a counter-affidavit. See Cosmopolitan Health Spa, Inc. v. Health Industries, Inc., 362 So.2d 367 (Fla. 4th DCA 1978).
There are no allegations of acts or misconduct by appellants in Florida. In Freedom Savings & Loan Assoc. v. Ormandy & Associates, Inc., 479 So.2d 316 (Fla. 5th DCA 1985) plaintiff alleged that a tortious interference occurred in Florida where the defendant caused a letter of credit to be revoked in Pennsylvania. The court recognized that Florida does not acquire jurisdiction under the long arm statute where no part of the tortious conduct occurred in Florida. Id. at 317.
The order of the trial court denying defendant’s motion to quash is therefore reversed. We remand for further proceedings consistent with this opinion.
ANSTEAD, LETTS and STONE, JJ., concur.