596 So.2d 1178 (1992)
Jere William THOMPSON, Appellant,
v.
Jane DOE (Alias), Appellee.
No. 91-1574.
District Court of Appeal of Florida, Fifth District.
April 3, 1992.
*1179 Harry K. Anderson of Anderson & Associates, Orlando, for appellant.
Francis J. Carroll, Jr. and Michelle Morris-Jenkins of Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant Jere William Thompson appeals from an order denying his motion to quash process and service of process and motion to abate for lack of personal jurisdiction in a negligence action brought by appellee Jane Doe. We reverse.
On or about March 17, 1987 appellee was employed as a clerk at a 7-11 convenience store in Volusia County, Florida, which was owned and operated by the Southland Corporation. On that date, while appellee was working alone in the evening hours, appellee was sexually assaulted and battered. Appellee filed suit seeking damages against her alleged assailant and various officials of Southland Corporation including Thompson for gross negligence in failing to take adequate security measures to make the store reasonably safe.
In her complaint appellee alleged that Thompson, as president and director of Southland Corporation, was operating, conducting, engaging in, or carrying on a business venture in Florida having an office or agency in this state and caused injury to persons within this state by an act or omission outside of the state while engaged in solicitation or service activities within the state. Appellee alleged that Thompson knew or should have known that his policy of keeping the store open during late night hours, staffing the store with only one clerk, and other inadequate security measures posed a serious danger to appellee to whom Thompson owed a duty of providing a safe workplace.
Thompson filed a motion to quash process and service of process and a motion to abate for lack of personal jurisdiction. Thompson asserted that the amended complaint failed to allege a basis for invoking long-arm jurisdiction over him pursuant to section 48.193 of the Florida Statutes (1987), and that under Florida law, jurisdiction does not lie over an individual because of acts performed in his capacity as a representative of a corporation unless the individual transacts business on his own account *1180 within the state. In support of these motions, Thompson filed an affidavit stating that he is a 20 year resident of Texas, that he has never maintained a residence in Florida during the period in question, that he is president and chief executive officer of the Southland Corporation headquartered in Dallas, Texas, that his office is in Dallas, Texas, and that he has never maintained a business office in Florida during the period in question. Thompson further stated that he has not personally conducted business in Florida, has not personally committed a tort in Florida, and has not personally engaged in any solicitation or service activities within Florida.
This court has held that two inquiries must be made in determining whether long-arm jurisdiction is appropriate in a given case: (1) whether the complaint alleges sufficient jurisdictional facts to bring the action within the statute and, (2) if so, whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements. Unger v. Publisher Entry Service, Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987) rev. denied, 520 So.2d 586 (Fla. 1988). Florida's long-arm statute, section 48.193 of the Florida Statutes (1987) states, in pertinent part:
48.193 Acts subjecting person to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act within this state.
* * * * * *
(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
1. The defendant was engaged in solicitation or service activities within this state; or
2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
Appellee relies primarily upon section 48.193(1)(b) to uphold the trial court's ruling in this matter.[1] We recognize that whether jurisdiction lies under section 48.193(1)(b) is not clearly settled. This court has held that the occurrence of injury in Florida standing alone is insufficient to establish jurisdiction under section 48.193(1)(b) and that part of a defendant's tortious conduct must occur in this state. McLean Financial Corporation v. Winslow Loudermilk Corporation, 509 So.2d 1373, 1374 (Fla. 5th DCA 1987) (false statements made via telephone from another state to a person in Florida does not constitute the commission of a tortious act in Florida); Freedom Savings & Loan Association v. Ormandy & Associates, Inc., 479 So.2d 316, 317 (Fla. 5th DCA 1985) (in an action for tortious interference with contract where the only tortious act was the revocation of a letter of credit in Pennsylvania, no part of the tortious act was committed in Florida and Florida court was without jurisdiction). See also Fitz v. Samuel Friedland Family Enterprises, Inc., 523 So.2d 1284, 1285 (Fla. 4th DCA 1988); Phillips v. Orange Co., Inc., 522 So.2d 64, 66 (Fla. 2d DCA), rev. denied 531 So.2d 1354 (Fla. 1988); Jack Pickard *1181 Dodge, Inc. v. Yarbrough, 352 So.2d 130, 134 (Fla. 1st DCA 1977).
We recognize that some Florida courts have held that the commission of a tort for purposes of establishing long-arm jurisdiction under section 48.193(1)(b) does not require physical entry into or tortious conduct within this state, but only requires that injury or damages occur within Florida. International Harvester Company v. Mann, 460 So.2d 580, 581-582 (Fla. 1st DCA 1984).[2]See also Carida v. Holy Cross Hospital, Inc., 424 So.2d 849 (Fla. 4th DCA 1982). We certify conflict with these cases.
Further, we would point out that application of the contrary authority which holds that a foreign tortious act causing injury in Florida gives rise to jurisdiction under section 48.193(1)(b) would raise a substantial issue of whether Florida could constitutionally exercise jurisdiction over Thompson. This constitutional issue requires a two-prong analysis: first, has Thompson established sufficient "minimum contacts" with Florida to allow Florida to assert jurisdiction over him and, second, would the assertion of such jurisdiction offend "traditional notions of fair play and substantial justice". Sun Bank, N.A. v. E.F. Hutton & Company, Inc., 926 F.2d 1030, 1034-1035 (11th Cir.1991),[3]citing Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). See also International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). However, because we hold that the trial court is without jurisdiction pursuant to section 48.193(1)(b) we need not reach the issue of whether Florida may constitutionally exercise jurisdiction over Thompson.
Accordingly, we reverse the order of the trial court and remand this cause with instructions to vacate the order denying Thompson's motion to quash process and service of process and denying his motion to abate for lack of personal jurisdiction, and to enter an order granting Thompson's motions.
REVERSED and REMANDED.
GOSHORN, C.J., and COWART, J., concur.
NOTES
[1] Section 48.193(1)(a) is inapplicable because Thompson's uncontroverted affidavit establishes that Thompson was not personally operating, conducting, engaging in, or carrying on a business or business venture in this state and that he did not have an office or agency in this state. Section 48.193(1)(f) is similarly inapplicable because Thompson's affidavit establishes that he, personally, was neither engaged in solicitation or service activities within this state, nor were any products, materials, or things processed, serviced, or manufactured by Thompson used or consumed within this state in the ordinary course of commerce, trade or use.
[2] The trial court apparently relied on the case of International Harvester Company v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984) in reaching its decision. However, we note that neither party in the trial court or in this court cited our cases of McLean Financial Corporation v. Winslow Loudermilk Corporation, 509 So.2d 1373 (Fla. 5th DCA 1987) and Freedom Savings & Loan Association v. Ormandy & Associates, Inc., 479 So.2d 316 (Fla. 5th DCA 1985).
[3] In Sun Bank, N.A. v. E.F. Hutton & Company, Inc., 926 F.2d 1030 (11th Cir.1991), the court held that Florida could not constitutionally exercise jurisdiction over a New York E.F. Hutton vice-president who made misrepresentations in two telephone calls between New York and Florida concerning the creditworthiness of a client which resulted in financial injury or loss to the bank in Florida. Of interest, the court recognized the conflict in Florida law concerning whether there was jurisdiction over a foreign defendant who commits a foreign tortious act causing injury in Florida. Because of prior fifth circuit precedent, the eleventh circuit concluded Florida law allowed jurisdiction to be exercised but found that such exercise of jurisdiction violated both minimum contacts and traditional notions of fair play and substantial justice.