605 So.2d 563 (1992)
MAGIC PAN INTERNATIONAL, INC., Appellant,
v.
COLONIAL PROMENADE, a California limited partnership, et al., Appellees.
No. 92-467.
District Court of Appeal of Florida, Fifth District.
September 25, 1992.
*564 Thomas C. Nash, II and Marie L. DeMarco of McMullen, Everett, Logan, Marquardt & Cline, P.A., Clearwater, for appellant.
T. Kevin Knight and Elizabeth G. Stevens of Drage, deBeaubien, Knight & Simmons, Orlando, for appellee Colonial Promenade.
DIAMANTIS, Judge.
Appellant Magic Pan International, Inc. (Magic Pan) appeals an order denying its motion to quash service of process and to abate a breach of guaranty action instituted by appellee Colonial Promenade (Colonial). The trial court denied appellant's motion without holding an evidentiary hearing on the issues of whether Magic Pan had sufficient minimum contacts with the state of Florida and whether the assertion of personal jurisdiction would comport with constitutional due process requirements. We reverse and remand with directions to the trial court to hold an evidentiary hearing on the issue of personal jurisdiction over Magic Pan.
Colonial brought an action against All American Soups & Salads, Inc., d/b/a Soup Exchange (tenant) for breach of a lease agreement involving property located in Orange County, Florida and against Magic Pan, a foreign corporation, as guarantor of the lease. The complaint alleged that Magic Pan has transacted business in Orange County; that the lease and the guaranty were executed in November of 1988; and that Magic Pan breached the guaranty when it failed to make payment after receiving notice of the tenant's default. The guaranty provides that it is governed by Florida law.
Magic Pan filed a motion to quash service of process and abate the action claiming that it is a Delaware Corporation with its principal place of business in Burlingame, California; that it owns no property in Florida, does not engage in business in Florida and has no agents in Florida; and that Magic Pan has insufficient minimum contacts with Florida to satisfy the fundamental due process requirements necessary to allow the assertion of personal jurisdiction. In support of its motion, Magic Pan submitted an affidavit of one of its officers which stated that Magic Pan has never maintained an office in the State of Florida; has never done business in the State of Florida; has never owned real estate in the State of Florida; has never maintained a bank account in the State of Florida; and has never done or performed any activities whatsoever within the State of Florida.
In response to Magic Pan's motion to quash, Colonial filed an affidavit from its property manager which stated that because a Uniform Commercial Code search revealed that Magic Pan is a debtor in the State of Florida (by virtue of an obligation *565 owed to a third party, Ice Water Systems, Inc.), Magic Pan is doing or has done business in Florida; that Magic Pan could foresee being haled into a Florida Court; and that Magic Pan has, or has had a business address in Aventura, Florida. The affidavit also states that Magic Pan was inextricably intertwined in the business affairs and venture of the tenant, pointing to that portion of the lease showing the tenant's name and address for purposes of notice to be that of Magic Pan, and its vice president, Harold Feldman, and pointing to the fact that Feldman signed the lease.[1]
The trial court denied Magic Pan's motion to quash, reasoning that a guarantor of a lease of real estate located in Florida, which lease is to be performed in Florida, is ipso facto subject to Florida's long-arm jurisdiction. We disagree.
We have held that two inquiries must be made in determining whether long-arm jurisdiction is appropriate in a given case: (1) whether the complaint alleges sufficient jurisdictional facts to bring the action within the statute and (2) if so, whether Florida can constitutionally exercise jurisdiction over the defendant. Thompson v. Doe, 596 So.2d 1178, 1180 (Fla. 5th DCA 1992); Unger v. Publisher Entry Service, Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987) rev. denied, 520 So.2d 586 (Fla. 1988). The constitutional requirement requires a two-prong analysis: first, has Magic Pan established sufficient minimum contacts with Florida to allow Florida, consistent with due process, to assert jurisdiction over Magic Pan and, second, would this assertion of jurisdiction offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940); Thompson, 596 So.2d at 1181. See also Vermeulen v. Renault, U.S.A. Inc., 965 F.2d 1014, 1022 (11th Cir.1992); Sun Bank, N.A. v. E.F. Hutton & Company, Inc., 926 F.2d 1030, 1034-1035 (11th Cir.1991).

I. JURISDICTIONAL ALLEGATIONS
Colonial argues that Florida acquired jurisdiction over Magic Pan pursuant to sections 48.193(1)(a), (c), (g), and (2), Florida Statutes (1991). Florida's long-arm statute, section 48.193, provides in pertinent part:
48.193. Acts subjecting person to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
* * * * * *
(c) Owning, using, or possessing any real property within this state.
* * * * * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
* * * * * *
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
* * * * * *
By enacting section 48.193, the Florida legislature has determined the requisite basis for obtaining jurisdiction over nonresident defendants, but it has not specifically addressed whether the federal constitutional *566 requirement of minimum contacts has been met. "As a practical matter, it could not do so because each case will depend upon the facts." Venetian Salami Company v. Parthenais, 554 So.2d 499, 500 (Fla. 1989). Thus, while the breach of a contractual obligation to make payment in Florida may facially provide jurisdiction under Florida's long-arm statute, the party over which jurisdiction is asserted must have had sufficient minimum contacts with Florida to satisfy due process requirements. Lakewood Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475, 477 (Fla. 2d DCA 1979).
In the instant case, both parties agree that payment under the guaranty was to be made in Florida. While failure to make such payment facially provides personal jurisdiction over Magic Pan pursuant to section 48.193(1)(g), the mere failure to pay money in Florida, standing alone, is not sufficient to obtain jurisdiction consistent with due process over a nonresident defendant. Venetian Salami, 554 So.2d at 503. This principle has been held applicable to the failure of a guarantor to honor in Florida another's payment obligation, Holton v. Prosperity Bank of St. Augustine, 602 So.2d 659, 661-663 (Fla. 5th DCA 1992), even where the guaranty contains a choice-of-law provision specifying Florida as a jurisdictional forum. McRae v. J.D./M.D., Inc., 511 So.2d 540, 542 (Fla. 1987); Holton, 602 So.2d at 662.
We hold that, although Colonial has sufficiently alleged personal jurisdiction over Magic Pan pursuant to section 48.193(1)(g), Colonial must also satisfy the constitutional due process requirement of proving that Magic Pan has sufficient minimum contacts with Florida and that the assertion of personal jurisdiction would not offend the traditional notions of fair play and substantial justice. With regard to Colonial's assertion that jurisdiction is proper pursuant to sections 48.193(1)(a) and (2), we conclude that the conflicting affidavits filed by Magic Pan and Colonial requires that an evidentiary hearing be held on that issue. We also reject Colonial's assertion that jurisdiction is proper pursuant to section 48.193(1)(c) because the instant cause of action against Magic Pan is not based upon its owning, using, or possessing any real property and because Colonial has not asserted that the guaranty was ineffective or unenforceable, which would make Magic Pan a joint tenant under the lease.

II. CONSTITUTIONAL DUE PROCESS

A. Minimum Contacts
In order to satisfy the due process requirement of minimum contacts with Florida, Magic Pan's contacts with Florida must be "such that [it] would reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980). In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the United States Supreme Court examined whether and to what extent a contract can constitute a "contact" for purposes of due process analysis:
If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on "mechanical" tests, International Shoe Co. v. Washington, supra, 326 U.S. at 319, 66 S.Ct., at 159, or on "conceptualistic ... theories of the place of contracting or of performance," Hoopeston Canning Co. v. Cullen, 318 U.S., [313] at 316, 63 S.Ct., [602] at 604 [87 L.Ed. 777]. Instead, we have emphasized the need for a "highly realistic" approach that recognizes that a "contract" is "ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." Id., at 316-317, 63 S.Ct., at 604-605. It is these factors  prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing  that must be evaluated in determining whether the defendant *567 purposefully established minimum contacts within the forum.
Id., 471 U.S. at 478-79, 105 S.Ct. at 2185 (footnotes omitted). See also Venetian Salami, 554 So.2d at 500-501.

B. Fair Play and Substantial Justice
Even if a nonresident defendant possesses the requisite minimum contacts with the forum state, that state's exercise of jurisdiction nevertheless violates due process unless it comports with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. at 316, 66 S.Ct. at 158; Thompson, 596 So.2d at 1181. See also Vermeulen, 965 F.2d at 1024. In determining the fairness and reasonableness of a state's exercise of jurisdiction, a court must consider:
the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."
Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 292, 100 S.Ct. at 564.

CONCLUSION
In the instant case, the conflicts in the factual assertions of the opposing affidavits are apparent. Colonial states that Magic Pan has conducted business in the state of Florida and that Magic Pan is inextricably intertwined in the business affairs of the tenant: Magic Pan's address is listed in the lease for purposes of notice; the guaranty states that the tenant is a wholly-owned subsidiary of Magic Pan; and Magic Pan will be deemed a tenant under the lease if the guaranty is held to be ineffective or unenforceable. Conversely, Magic Pan's affidavit denies ever maintaining an office in Florida, ever owning real estate in Florida, ever maintaining a bank account within Florida, or performing any activities whatsoever within the state of Florida.
We cannot reconcile these affidavits. Thus, the trial court must hold a limited evidentiary hearing pursuant to Venetian Salami to resolve the conflicts in the affidavits. In this regard, the trial court should determine whether Magic Pan's guaranty was part and parcel of an ongoing Florida business venture and was not merely for the purpose of guaranteeing the tenant's obligations under the lease. See Hamilton v. Business Assistance Consortium, Inc., 602 So.2d 619 (Fla. 3d DCA 1992). In order to constitutionally exercise jurisdiction over Magic Pan under sections 48.193(1)(a) and (g), the trial court must determine that Magic Pan possesses sufficient minimum contacts with Florida and that Florida's exercise of jurisdiction comports with traditional notions of fair play and substantial justice, in addition to finding that the statutory requirements of these sections have been met. On remand the trial court should also determine whether Magic Pan is engaged in substantial activity within Florida which would give rise to jurisdiction under section 48.193(2), as well as whether the constitutional due process requirements have been satisfied. We note that the parties are entitled to engage in discovery on the jurisdictional issues. See Gleneagle Ship Management Co. v. Leondakos, 602 So.2d 1282 (Fla. 1992).
Accordingly, we reverse the order of the trial court and remand this cause for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GOSHORN, C.J., and W. SHARP, J., concur.
NOTES
[1] We note that the persons signing the lease signed as officers of the corporate tenant, All American Soup & Salads, Inc.