PER CURIAM.
The primary question in this case is one of personal jurisdiction. The circuit court dismissed the case against two defendants. We reverse as to one defendant, holding that the record reflects adequate long-arm jurisdiction over a breach of contract claim; we affirm as to a second defendant who was sued for tortious interference with a contract, because the complaint below failed to demonstrate the existence of long-arm jurisdiction.
Barbara Seuling, a New York resident, was seriously injured in an automobile accident in Vermont by a Vermont resident who was driving while intoxicated. Based on a referral from her niece, Seuling retained appellant, a law firm, to represent her; a member of the law firm is admitted to the New York bar. After Seuling made telephone contact with the law firm, a *642 paralegal from the firm sent her a retainer agreement, which she signed and returned to appellant’s office in Delray Beach, Florida.
The law firm negotiated with Liberty Mutual Fire Insurance Company and the company agreed to settle the case at its policy limit of $100,000. Since Seuling was unhappy that her recovery would be reduced by the law firm’s fee and costs, and a Medicare lien, she refused to sign the law firm’s release and instead hired New York attorney Anthony J. Pirrotti; Pirrot-ti, in turn, told the law firm that it had been discharged from Seuling’s case and that it would be entitled to “quantum me-ruit” for services performed. Seuling then settled the case with Liberty Mutual and promised that she “would hold Liberty Mutual harmless for any fees owed to” the law firm.
In Florida, the law firm sued Seul-ing for breach of contract and Pirrotti for tortious interference with a contract.[1] Seuling and Pirrotti moved to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a cause of action. At a hearing on the motions, Pirrotti appeared by telephone and argued that Seuling lacked sufficient minimum contacts with Florida to support personal jurisdiction over her; in response, the circuit judge then discussed this issue with the lawyers. Later, in a handwritten portion of an order on the motions, the court dismissed the case for “improper venue.”[2]
Although the court’s order refers to “venue,” we believe that the primary basis for the court’s ruling was a lack of personal jurisdiction, an issue argued at the hearing and briefed on appeal.
If the court had personal jurisdiction over the defendants, then venue would have been proper. “Venue refers to the geographical area, that is, the county or district, wherein a cause may be heard or tried.” Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314, 315 (Fla. 1st DCA 1974). Where a defendant is a Florida resident, section 47.011, Florida Statutes (2012), dictates that a cause of action may be brought in a county “where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” However, section 47.011’s mandate does not apply to nonresidents. See id. (“This section shall not apply to actions against nonresidents.” (emphasis added)). As a result, “[b]y removing nonresidents from the scope of the legislatively created venue privilege, a nonresident over whom personal jurisdiction can be obtained consistent with constitutional considerations can, at a plaintiffs election, be sued in any county in this state, subject only to the doctrine of forum non conve-niens.” Holton v. Prosperity Bank of St. Augustine, 602 So.2d 659, 662 n. 2 (Fla. 5th DCA 1992). Thus, if the circuit court had personal jurisdiction over Seuling and Pirrotti, venue would have been proper in Palm Beach County, where the suit was filed.
*643 Turning to the jurisdictional inquiry, in Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989), the Supreme Court established a two-step inquiry for determining whether a Florida court has personal jurisdiction over a nonresident. Under this procedure,
[a] court must first determine whether sufficient facts have been alleged to bring the action within the ambit of Florida’s long-arm statute. If the statute applies, the court must then determine whether there are sufficient “minimum contacts” on the part of the defendant to satisfy due process requirements.
Caiazzo v. Am. Royal Arts Corp., 73 So.3d 245, 250 (Fla. 4th DCA 2011) (footnote omitted). The “minimum contacts” inquiry ensures compliance with due process requirements so that “maintenance of the suit does not offend traditional notions of fair play and substantial justice.” Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (quoting Int’l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)) (internal quotations omitted).
Stated another way, to satisfy the minimum contacts requirement for purposes of personal jurisdiction a defendant’s contacts (1) must be related to the plaintiffs cause of action or have given rise to it, (2) must involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) the defendant’s contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.
Corporacion Aero Angeles, S.A. v. Fernandez, 69 So.3d 295, 299 (Fla. 4th DCA 2011).
With respect to Seuling, the allegations of the complaint were sufficient to bring the case within the ambit of the long-arm statute. Under section 48.193(l)(g), Florida Statutes (2012), “a person submits himself to the jurisdiction of this state by ‘[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state.’ ” Hartcourt Cos. v. Hogue, 817 So.2d 1067, 1070 (Fla. 5th DCA 2002) (quoting § 48.193(l)(g), Fla. Stat. (1999)). “Failure to pay a contractual debt where payment is due to be made in Florida is sufficient to satisfy Florida’s long-arm provision that refers to contractual acts ‘required’ to be performed in Florida.” Global Satellite Commc’n Co. v. Sudline, 849 So.2d 466, 468 (Fla. 4th DCA 2003). “[W]hen a written contract fails to specify the place where payments are to be made, a cause of action for failure to pay is properly brought in the county where the plaintiff has its principal place of business.” Sunshine Yacht Sales, Inc. v. Bob Anslow Yacht Sales, Inc., 669 So.2d 342, 344 (Fla. 3d DCA 1996) (quoting Ryan v. Mobile Commc’ns Enters., Inc., 594 So.2d 845, 846 (Fla. 2d DCA 1992)).
Here, “[s]ince no place of payment was specifically designated, the effect of the contract [i]s that the place of payment [i]s the Florida office” of the law firm, placing Seuling within the ambit of Florida’s long-arm statute. Armaly v. Practice Mgmt. Assocs., Inc., 533 So.2d 920, 921 (Fla. 2d DCA 1988); see, e.g., Michael Schiffrin & Assocs., P.A. v. Koraly, 957 So.2d 655, 658 (Fla. 3d DCA 2007) (holding that where defendant/client failed to pay a contingency fee, and the agreement does not specify the location of payment, venue is proper at the plaintiff/law firm’s principal place of business).
Having concluded that, as to Seuling, the complaint alleged sufficient facts to bring the action within the ambit of the long-arm statute, we turn next to *644 the minimum contacts aspect of the Venetian Salami analysis. “Even where there is facial jurisdiction under the Florida long arm statute, the party over which jurisdiction is asserted must have had sufficient minimum contacts with Florida to satisfy due process requirements.” Lakewood, Pipe of Texas, Inc. v. Rubaii, 379 So.2d 475, 477 (Fla. 2d DCA 1979) (citing Rebozo v. Washington Post Co., 515 F.2d 1208 (5th Cir.1975); Jack Pickard Dodge, Inc. v. Yarbrough, 352 So.2d 130 (Fla. 1st DCA 1977)). “It is not enough that a foreign defendant merely contract with a Florida resident.” Wash. Capital Corp. v. Milandco, Ltd., 695 So.2d 838, 841 (Fla. 4th DCA 1997); see, e.g., Osborn v. Univ. Soc’y, Inc., 378 So.2d 873, 874 (Fla. 2d DCA 1979) (contract with Florida resident to furnish consulting services in an unspecified location insufficient to establish personal jurisdiction). Rather, the plaintiff must demonstrate that the “defendant has availed itself of the privilege of doing business in Florida or has committed acts with an effect in Florida such that it would anticipate being haled into Florida’s courts.” Hilltopper Holding Corp. v. Estate of Cutchin, 955 So.2d 598, 601 (Fla. 2d DCA 2007) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Res. Healthcare of Am., Inc. v. McKinney, 940 So.2d 1139, 1141 (Fla. 2d DCA 2006)).
While the mere act of contracting in the forum state is insufficient to satisfy due process, Aluminator Trailers, L.L.C. v. Loadmaster Aluminum Boat Trailers, Inc., 832 So.2d 822, 823 (Fla. 2d DCA 2002), “the exercise of jurisdiction may be proper where [the] out-of-state defendant enters into a contract with a forum-state party ‘for substantial services to be performed in Florida.’ ” EOS Transport Inc. v. Agri-Source Fuels LLC, 37 So.3d 349, 354 (Fla. 1st DCA 2010) (quoting Bohlander v. Robert Dean Assocs. Yacht Brokerage, Inc., 920 So.2d 1226, 1228 (Fla. 3d DCA 2006)).
For example, in Tallmadge v. Mortgage Finance Group, Inc., 625 So.2d 1313 (Fla. 4th DCA 1993), this Court found a California resident to have exhibited sufficient “minimum contacts” to satisfy due process after he contracted with a Florida mortgage broker to obtain refinancing of a mortgage on his California property, and then sent a loan application, check, and brokerage contract to the plaintiffs Florida office. Upon this backdrop, we held that “[requiring [the defendant] to answer [the plaintiffs] claims d[id] not offend traditional notions of fair play and substantial justice” since it was “reasonable to conclude that a party hiring an agent under these circumstances would expect to be haled into court in this state on a breach of contract claim for nonpayment.” Id. at 1314; cf. Offer v. Arison, 671 So.2d 193, 193-94 (Fla. 4th DCA 1996) (due process satisfied where Georgia resident initiated contact with a Florida broker “to inquire about purchasing a yacht located in Florida”); Stomar, Inc. v. Lucky Seven Riverboat Co., 821 So.2d 1183, 1187 (Fla. 4th DCA 2002) (sufficient minimum contacts where the defendant was not only obligated to make payment in Florida but also “hired plaintiff to perform brokerage services on its behalf in Florida” for the purpose of selling the defendant’s vessel in Florida).
Applying Tallmadge, Offer, and Stomar, Seuling had sufficient minimum contacts with Florida because she voluntarily contracted with a law firm in this state to perform services on her behalf. The retention of the law firm’s services to represent her on an out-of-state automobile accident is akin to the contract in Tallmadge, where a Florida mortgage broker was re *645 tained to secure a mortgage for California property.
As to the lawyer, Pirrotti, under the first step in the Venetian Salami analysis, there was no basis for long-arm jurisdiction because the complaint did not sufficiently allege that he committed a tortious act within Florida.
Under section 48.193(l)(b), Florida Statutes (2012), long-arm jurisdiction may be exercised where the “cause of action aris[es] from ... [committing a tortious act within this state.” See Arch Aluminum & Glass Co. v. Haney, 964 So.2d 228, 236 (Fla. 4th DCA 2007). “For purposes of this subsection, a defendant need not be physically present in Florida in order to ‘commit a tortious act’ in the state.” Telesur v. DOT (SR), Inc., 100 So.3d 1232, 1235 (Fla. 2d DCA 2012) (citing Wendt v. Horowitz, 822 So.2d 1252, 1260 (Fla.2002)). Indeed, jurisdiction may be conferred “through the nonresident defendant’s telephonic, electronic, or written communications into Florida” so long as “the cause of action ... arise[s] from the communications.” Wendt, 822 So.2d at 1260.
The wording of section 48.193(l)(b) links jurisdiction to the “arising” of a cause of action from a defendant’s commission of tortious acts in Florida. This language necessarily focuses analysis not on where a plaintiff ultimately felt damages, but where a defendant’s tortious conduct occurred. Here, the actions giving rise to the tortious interference claim occurred in New York, where Pirrotti allegedly convinced Seuling to breach her contract.
This conclusion finds support in Freedom Savings & Loan Ass’n v. Ormandy & Associates, Inc., 479 So.2d 316, 317 (Fla. 5th DCA 1985), which held that a defendant’s conduct in Pennsylvania did not confer jurisdiction over the defendant for tortious interference with a Florida business relationship. In Ormandy, the defendant, a Pennsylvania resident, assisted the plaintiff in obtaining a loan from a Florida bank by guaranteeing a letter of credit issued by a Pennsylvania bank to the Florida bank. Id. at 316. After the defendant later “told the Pennsylvania bank to withdraw” the letter of credit, the plaintiff sued the defendant for tortiously interfering with its business relationship with the Florida bank. Id. at 317. Given these circumstances, the fifth district held that there was no jurisdiction under section 48.193(l)(b) because the revocation of the letter of credit, “[t]he only act which might be deemed tortious[,] ... occurred in Pennsylvania, not Florida.” Id.; see also Telesur, 100 So.3d at 1236 (holding that, for a claim of tortious interference with a business relationship, the plaintiff Florida corporation failed to establish long-arm jurisdiction where it did not allege “that the business relationships with which [the defendant] allegedly interfered were based in Florida”); PK Computers, Inc. v. Indep. Travel Agencies of Am., Inc., 656 So.2d 254, 255 (Fla. 4th DCA 1995) (recognizing that for there to be jurisdiction over a tortious interference claim under section 48.193(b), the interference must occur within the state or arise from oral statements directed at listeners within the state); Hunt v. Cornerstone Golf, Inc., 949 So.2d 228, 230 (Fla. 4th DCA 2007) (holding that under section 48.193(l)(b) a tortious interference claim arose not in Florida, but in Washington, D.C. and Tennessee, where the defendant sent correspondence pertaining to an existing business relationship).
As alleged in the complaint, the acts giving rise to the tortious interference claim arose in New York, where Pirrotti convinced Seuling to breach her contract. That such action resulted in the breach of a Florida contract, and the loss of income *646 to a Florida firm, is immaterial for the purpose of determining jurisdiction. Thus, since the complaint fails to allege acts that fall within the long-arm statute, the trial court properly dismissed the case against Pirrotti.
For these reasons we reverse the trial court’s dismissal of Seuling and remand for further proceedings. We affirm the dismissal of the Pirrotti law firm from the lawsuit.

Affirmed in part and reversed in part.

MAY and FORST, JJ., concur.
GROSS, J., concurs in part and dissents in part, with opinion.

. The law firm also sued Liberty Mutual for breach of a settlement agreement, but voluntarily dismissed that claim.

. We reject the contention that we are without jurisdiction because the law firm’s appeal was untimely filed. The appeal was filed well after the dismissal of the complaint, but within 30 days of the denial of the law firm’s motion for rehearing. Because the order had the effect of dismissing the complaint for improper venue, the order may be characterized as a final order for which a motion for rehearing is authorized, thereby extending the date of rendition. See Bd. of Cnty. Comm’rs v. Grice, 438 So.2d 392, 393-94 (Fla.1983); Phillip J. Padovano, Florida Appellate Practice § 23.4, at 486 n. 11 (2010 ed.).