DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DR. AN Q. LE,** individually, **DALLAS DENTISTRY ASSOCIATES, P.C.,
NORTH DALLAS DENTISTRY ASSOCIATES, P.C., NORTH
RICHARDSON DENTISTRY ASSOCIATES, P.C.,** and **PLANO
DENTISTRY ASSOCIATES, P.C.,**
Appellants,

v.

**TRALONGO, LLC,**
Appellee.

No. 4D17-1325

[February 14, 2018]

Appeal of a non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No.
CACE 16-020859 (21).

Bradford J. Beilly and John Strohsahl of Beilly & Strohsahl, P.A., Fort
Lauderdale, for appellants.

Robert M. Einhorn, Kaari Gagnon and Beshoy Rizk of Zarco Einhorn
Salkowski & Brito, P.A., Miami, for appellee.

GROSS, J.

Dr. An Q. Le and his four corporate dental practices appeal a non-final
order denying their motions to dismiss an amended complaint that alleges
breach of contract and tortious interference with contractual
relationships. The defendants, who are located in Texas, sought dismissal
based upon lack of personal jurisdiction and improper venue. The trial
court has personal jurisdiction because the defendants breached a
contractual provision they were required to perform in Florida and they
have sufficient minimum contacts with the state. But, because the
contracts for two of the dental clinics provide for venue in Georgia, we
reverse in part.

In December 2013, Dr. Le signed a Territory Agreement merging his
dental practice (Dallas Dentistry Associates, P.C.) into the Tralongo
System. Tralongo, LLC provides management, accounting, marketing,

acquisition, and other services to dental practices. In exchange for management and administrative services, the clinic pays Tralongo a monthly service fee, which is a percentage of the clinic's gross receipts. The Territory Agreement also includes a buyout provision allowing Tralongo to purchase a clinic at any time as provided in each Clinic Agreement.

Le purchased three additional dental practices in Texas (North Richardson Dentistry Associates, P.C., North Dallas Dentistry Associates, P.C., and Plano Dentistry Associates, P.C.), and each signed Clinic Agreements with Tralongo.

Pursuant to the Clinic Agreements, Tralongo provided the dental offices various administrative and accounting services such as payroll services, insurance verification for new patients, negotiating fees for services with insurance companies, purchasing clinical supplies, paying vendors, recording daily deposit reports, reconciling accounts, and providing accounting reports.

When the parties signed the Territory Agreement and initial Dallas Clinic Agreement, Tralongo was a Georgia corporation. Tralongo subsequently opened an office in Davie, and the office moved to Sunrise, Florida. Tralongo has provided services to the defendants from Florida since October 2013. Tralongo maintained a Georgia office, but at the time of the alleged breach all services to the clinics were provided from the Sunrise office, and the clinics had regular e-mail communication with the Sunrise office.

Some initial payments for services were made by checks sent to Tralongo's Georgia office. Subsequent payments were made by the Tralongo Sunrise office withdrawing money from the clinics' bank accounts or by withholding funds from money that Tralongo collected on behalf of the clinics.

In September 2016, after Tralongo sought to exercise the buyout option for two clinics, Le and the clinics removed Tralongo's access to their bank accounts and notified Tralongo that they were transitioning off its services.

Tralongo filed an amended complaint against Le and the clinics alleging tortious interference with contractual relationships and breach of contract for terminating without cause, inducing other members of the network to wrongfully terminate their contracts with Tralongo, preventing Tralongo from exercising the buyout option, and failing to pay monthly service fees.

Le and the clinics moved to dismiss arguing that the trial court does not have personal jurisdiction because the agreements did not require them to perform any act in Florida and they do not have sufficient minimum contacts with this state. In a supplemental motion, defendants also argued that claims against two clinics were improperly brought in Broward County based upon the forum selection clauses in their Clinic Agreements. Following a hearing, the trial court denied the motions.

A two-step analysis is used to determine whether a court has personal jurisdiction over a nonresident defendant. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). First, the court must determine whether the plaintiff has alleged facts sufficient to fall within the scope of the long arm statute, section 48.193, Florida Statutes, and if so, the court must next determine whether sufficient minimum contacts are demonstrated to satisfy due process. 554 So. 2d at 502.

Tralongo's amended complaint alleges that the trial court has personal jurisdiction over the Texas defendants pursuant to section 48.193(1)(a)(7) because they failed to pay monthly support fees to Tralongo in Florida. This subsection provides for personal jurisdiction in Florida if the party "breach[ed] a contract in this state by failing to perform acts required to by the contract to be performed in the state." § 48.193(1)(a)(7), Fla. Stat. (2016).

The agreements are silent as to where the clinics were required to make payments. But, the parties' course of dealings can fill in gaps in the express terms of a contract. *See, e.g., Scott v. Rolling Hills Place, Inc.*, 688 So. 2d 937, 939 (Fla. 5th DCA 1996) ("Although the contract was silent as to the method of payment, the actions of the parties in making interim payments on the submission of invoices became a term of the contract."); *see also NCP Lake Power v. Fla. Power Corp.*, 781 So. 2d 531, 537 (Fla. 5th DCA 2001) (recognizing that customary practices can "'annex incidents to a written contract' regarding matters to which the contract is silent"). Tralongo was acting on defendants' behalf when it paid itself in Florida. These payments were continuously and exclusively made to Florida for almost a year before the defendants terminated the agreements.

Tralongo also demonstrated that the defendants had sufficient minimum contacts with Florida. In order to satisfy due process it is generally not enough for a non-resident defendant to contract with a Florida resident. *Metnick & Levy, P.A. v. Seuling*, 123 So. 3d 639, 644 (Fla. 4th DCA 2013). But, "the exercise of jurisdiction may be proper where [the] out-of-state defendant enters into a contract with a forum-state party 'for substantial services to be performed in Florida.'" *Id.* (quoting *EOS*

*Transport Inc. v. Agri–Source Fuels LLC*, 37 So. 3d 349, 354 (Fla. 1st DCA 2010)). Here, the clinics regularly exchanged information with Tralongo's Florida office so that Tralongo could provide administrative and accounting services to the clinics. The Florida office had access to the clinics' daily reports and bank accounts to balance the clinics' books and pay vendors. The Florida office regularly sent the clinics reports and invoices.

Through technology, business tasks that were once performed on site, can now be completed at a distance. Personal jurisdiction evolves accordingly. The Texas defendants could reasonably anticipate being haled into court in Florida where they have had systematic and continuous contact with a Florida business that provides office management and accounting services to help run the Texas clinics. By contracting for the performance of extensive services in Florida, the Texas defendants engaged in conduct "purposefully directed toward" Florida. *Asahi Metal Industry, Co., Ltd. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987) (O'Connor, J.). Maintenance of the suit in this state, therefore, does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer* 311 U.S. 457, 463 (1940)).

The requirements for personal jurisdiction are satisfied, but we agree with appellants that the trial court erred in denying the motion to dismiss as to North Richardson Dentistry Associates and North Dallas Dentistry Associates. The Clinic Agreements for these defendants included forum selection clauses requiring that any action be brought in Atlanta, Georgia. Mandatory forum selection clauses should be enforced. *Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Group, Inc.*, 105 So. 3d 592, 595 (Fla. 3d DCA 2013). The separate choices of law provision in the Agreements does not override the unambiguous forum selection clause.

Accordingly, the order denying appellants' motions to dismiss is reversed in part and remanded for the trial court to grant the motions as to North Richardson Dentistry Associates and North Dallas Dentistry Associates.

*Affirmed in part, reversed and remanded in part.*

TAYLOR and FORST, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*