# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2039
_____

MARKIL BERNARD KENDRIX,

    Appellant,

    v.

KRISTEN KULP, as Personal
Representative of the Estate of
Adam James Kulp, deceased,

    Appellee.

_____

No. 1D2023-2087
_____

VA LOGISTICS, LLC,

    Appellant,

    v.

KRISTEN KULP, as Personal
Representative of the Estate of
Adam James Kulp, deceased,

    Appellee.

_____

No. 1D2023-3059
_____

RYAN TRANSPORTATION
SERVICES, INC.,

    Appellant,

    v.

KRISTEN KULP, as Personal
Representative of the Estate of
Adam James Kulp, deceased,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
John Cooper, Judge.

February 26, 2025

ROBERTS, J.

In these interlocutory appeals, Appellants Markil Kendrix, VA Logistics, LLC, and Ryan Transportation Services, Inc., challenge the trial court's orders denying their motions to dismiss for lack of personal jurisdiction in the underlying wrongful death action brought by Appellee Kristen Kulp, as personal representative of the estate of her late husband, Adam Kulp. Appellants argue that the trial court erred in finding that Appellee's amended complaint alleged sufficient jurisdictional facts to bring claims against them under Florida's long-arm statute. We agree and reverse.

The material jurisdictional facts are not in dispute. In July 2022, Mr. Kendrix and Mr. Kulp were involved in a trucking accident that resulted in Mr. Kulp's tragic death. The accident occurred in Decatur County, Georgia, about ten miles north of the Florida-Georgia line, while Mr. Kendrix and Mr. Kulp were traveling to Florida to make deliveries in the state. Mr. Kendrix was driving a truck for VA Logistics, which had been hired by Ryan to transport a load of pool supplies and chemicals from Talking Rock, Georgia, to Fort Walton Beach. Mr. Kulp was driving a truck

transporting fuel. Mr. Kendrix is a Georgia resident, VA Logistics is a Missouri company, Ryan is a Kansas corporation, and Mr. Kulp was a Florida resident. Mr. Kulp is survived by Appellee and their two minor children, who are also Florida residents.

In November 2022, Appellee filed an amended complaint for damages in Leon County against Appellants and seven other defendants. Appellee alleged that Appellants had extensive contacts with Florida including, but not limited to, providing services in the state. Appellee brought a claim of negligence against Mr. Kendrix; claims of vicarious liability, nondelegable duty, dangerous instrumentality, negligent hiring/selection, and negligent retention against VA Logistics; and claims of vicarious liability, nondelegable duty, and negligent hiring/selection against Ryan. Appellee alleged that Appellants' tortious acts caused Mr. Kulp's wrongful death and injury to his survivors in Florida. In December 2022, Appellants filed motions to dismiss for lack of personal jurisdiction arguing, among other things, that the amended complaint did not sufficiently allege personal jurisdiction over them under Florida's long-arm statute, section 48.193, Florida Statutes (2022).

Following non-evidentiary hearings, the trial court entered orders denying Appellants' motions to dismiss for lack of personal jurisdiction. With respect to Florida's long-arm statute, the trial court found that the amended complaint sufficiently alleged specific personal jurisdiction over Appellants under section 48.193(1)(a). On appeal, Appellants argue that the trial court erred in making such a finding. We agree.

"This Court must conduct a de novo review of a trial court's ruling on a motion to dismiss for lack of personal jurisdiction." *Wendt v. Horowitz*, 822 So. 2d 1252, 1256 (Fla. 2002).

Florida's long-arm statute provides for both general and specific personal jurisdiction. *See* §§ 48.193(1) & (2), Fla. Stat. (2022). General personal jurisdiction exists when a nonresident defendant "has such 'continuous and systematic' ties to the forum state that it is 'essentially at home' in that forum (and thus subject to suit there)." *Samsung SDI Co. v. Fields,* 346 So. 3d 102, 105 (Fla. 1st DCA 2022). Specific personal jurisdiction exists "when a suit

arises out of or relates to a [nonresident] defendant's contacts with the forum state." *Id.* Based on Appellee's concessions below, only specific personal jurisdiction is at issue.

In the seminal case of *Venetian Salami Co. v. Parthenais*, the Florida Supreme Court adopted a two-step inquiry for determining whether personal jurisdiction exists over a nonresident defendant:

> In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.

554 So. 2d 499, 502 (Fla. 1989) (quoting *Unger v. Publisher Entry Serv., Inc.*, 513 So. 2d 674, 675 (Fla. 5th DCA 1987)). The Court later explained that "[t]he first prong—i.e., the statutory prong—of the *Venetian Salami* standard is governed by Florida's long-arm statute and bestows broad jurisdiction on Florida courts." *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000).

In this case, the trial court determined that specific personal jurisdiction over Appellants was appropriate under sections 48.193(1)(a)2. and 48.193(1)(a)6.a. The trial court determined that jurisdiction over Ryan was also appropriate under section 48.193(1)(a)1. Section 48.193(1)(a) provides in pertinent part:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

4

2. Committing a tortious act within this state.

> . . . .

6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, . . . :

a. The defendant was engaged in solicitation or service activities within this state[.]

Under the specific facts of this case, we find that the amended complaint does not sufficiently allege that Appellants committed a tortious act within Florida under section 48.193(1)(a)2. *See Metnick & Levy, P.A. v. Seuling*, 123 So. 3d 639, 645 (Fla. 4th DCA 2013) ("[The long-arm statute] necessarily focuses analysis not on where a plaintiff ultimately felt damages, but where a defendant's tortious conduct occurred."). Although geographically close to the Florida-Georgia line, the accident giving rise to the claims against Appellants occurred in Georgia.

We also find that the amended complaint does not sufficiently allege that at or about the time of the injury, Appellants were engaged in service activities within Florida under section 48.193(1)(a)6.a. *See Samsung*, 346 So. 3d at 107 ("[T]he plain language of the statute requires that the defendant's actions occur 'at or about the time of the injury.'"). Although temporally close, Appellants were not yet providing services within Florida at the time of the accident.

We further find that the amended complaint does not sufficiently allege that Ryan's tortious conduct arose from and related to its business activities in Florida under section 48.193(1)(a)1. *See D-I Davit Int'l-Hische GMBH v. Carpio*, 346 So. 3d 197, 201 (Fla. 3d DCA 2022) ("The purported connexity to Florida must relate to the actual tort alleged[.]"). Although Ryan had business activities in Florida, none of the acts related to the claims against it occurred in the state.

5

We conclude that the trial court erred in finding that Appellee met the first statutory prong of the *Venetian Salami* standard. We need not reach the second constitutional prong of the standard. Accordingly, we reverse and remand with directions to the trial court to dismiss the claims against Appellants.

REVERSED and REMANDED with instructions.

B.L. THOMAS and ROWE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Todd T. Springer, James Brad Eubanks, and Daniel Weinger of Luks, Santaniello, Petrillo, Cohen & Peterfriend, Jacksonville, for Appellants Markil Bernard Kendrix and VA Logistics, LLC.

Caroline Ashley Sand, David L. Luck, and Todd Randall Ehrenreich of Lewis Brisbois Bisgaard & Smith LLP, Coral Gables; Wendy S. Dowse of Lewis Brisbois Bisgaard & Smith LLP, Indian Wells, CA, for Appellant Ryan Transportation Services.

John S. Mills of Bishop & Mills, PLLC, Jacksonville, and Jonathan Anthony Martin of Bishop & Mills, PLLC, Tallahassee, for Appellee.