**Richard TOMASHEVSKY and Yael Tomashevsky, Plaintiffs,**

**v.**

**KOMORI PRINTING MACHINERY COMPANY, LTD., and Imperial Equipment, Inc., Defendants.**

**No. 87–7018–CIV.**

United States District Court, S.D. Florida, N.D.

Aug. 16, 1988.

Mary Jo Meives, Abrams, Anton, Robbins, Resnick & Schneider, P.A., Hollywood, Fla., for plaintiffs.

Karen L. Stetson, Miami, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the Motion to Dismiss Second Amended Complaint for Lack of Personal Jursidiction of the defendant Imperial Equipment, Inc. ("Imperial"). This is an action to recover damages for personal injuries suffered by the plaintiffs, Richard Tomashevsky and his wife, Yael Tomashevsky. Plaintiffs contend that a printing press which was manufactured in Japan by Komori Printing Machinery Company (Komori) and imported by Imperial was marketed in an unreasonably dangerous condition and caused plaintiffs' injuries. Plaintiffs have filed this diversity action and charge each of the defendants with negligence and breach of implied warranties of fitness.

Imperial has moved to dismiss the complaint against it on the ground that plaintiffs have failed to allege sufficient facts to subject Imperial to the jurisdiction of this court. Imperial has also moved for sanctions pursuant to Fed.R.Civ.P. 11. Because this court allowed plaintiff to file a second amended complaint, sanctions are not warranted.

"Before a federal court may exercise personal jurisdiction over a defendant, there must exist both a constitutionally sufficient relationship between the defendant and the forum, i.e., minimum contacts, and a basis for the defendant's amenability to service of summons." *Delong Equipment Co. v. Washington Mills Abrasive,* 840 F.2d 843, 847 (11th Cir.1988). Imperial contends that plaintiffs' Second Amended Complaint fails to show that Imperial may be amenable to service of process.

"Federal Rule of Civil Procedure 4(e) prescribes how process can be served on an out-of-state defendant in a federal civil case." *Id.* at 847. In the absence of a federal statute containing a service of process provision applicable to the case at bar, service of process is made in accordance with the law of the state in which the district court sits. Fed.R.Civ.P. 4(e); *Omni Capital International v. Rudolf Wolff & Co., Ltd.,* —— U.S. ——, ——, 108 S.Ct. 404, 410, 98 L.Ed.2d 415 (1987).

Plaintiffs allege in their Second Amended Complaint that Imperial is subject to the Florida Long–Arm Statute, Fla.Stat. § 48.193 because Imperial "either processed, serviced, sold and/or distributed within this State through the ordinary course of commerce, trade and/or use. Additionally [Imperial] placed the subject printing press into the stream of commerce having the knowledge or with reasonable foreseeability that the subject printing press would indeed find its way into the State of Florida." Second Amended Complaint, ¶ 4.

Plaintiffs also allege that Imperial "maintained a general course of business activity either selling its equipment directly within the State of Florida" in that it "routinely as a general business practice sold and/or distributed its products to at least two (2) companies directly within the State of Florida. Additionally, through the general course of commerce [Imperial] received at least two (2%) percent of its yearly gross sales revenues from sales directly within the State of Florida."

It appears that plaintiffs are relying upon several provisions of the Florida Long–Arm Statute to support the service of process upon Imperial. Although plaintiffs inexplicably fail to assert the specific provisions upon which they rely, the court has determined from the pleadings that sections 48.193(1)(f) and 48.193(2) are the applicable provisions.

Section 48.193(1)(f) provides for service of process upon a person for a cause of action arising from the following activities:

(f) Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

1. The defendant was engaged in solicitation or service activities within this state; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade or use.

Section 48.193(2) provides for service of process upon:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise....:

■ In order to prevail upon a motion contesting jurisdiction, plaintiff need only make a prima facie showing that jurisdiction exists. *Delong*, 840 F.2d at 845. "The facts as alleged in the complaint are to be taken as true, to the extent they are uncontroverted by defendants' affidavits." *Id.* The facts alleged in the Second Amended Complaint barely, if at all, support plaintiffs' jurisdictional claims. However, the defendant has filed an uncontroverted affidavit which describes the nature of Imperial's business activities and its relationship with the State of Florida.

According to the affidavit of Gerelda Selvin, Vice President of Imperial, the company is in the business of importing printing presses and related machinery from Japan and Taiwan. Its headquarters are located in California and the company maintains no offices in Florida. The imported printing presses are sold by Imperial to independent dealers located throughout the United States. However, none of the independent dealers are located in Florida.

Imperial does admit that two companies that are located in Florida are permitted to purchase products from Imperial on a sporadic basis at wholesale and without any obligation to purchase equipment at all, and that at most, two percent of its $3,000,-000.00 yearly gross sales revenues are the result of sales in Florida to the two companies. Neither of the Florida companies are designated dealers for Imperial.

Furthermore, the affidavit states that at the time of the accident in question, Imperial was engaged in no advertising whatsoever for Komori products and that Imperial has never conducted local advertising in Florida. Finally, Imperial asserts through its vice-president, that Imperial took no part in the sale of the printing press that is the subject of this suit after the press left Imperial's headquarters in California enroute to its purchaser in North Carolina.

The press in question was imported from Japan by Imperial and then sold by Imperial to the Blue Ridge Printing Company in Ashville, North Carolina. The machine was ultimately sold to Delta Printing in Hollywood, Florida, where the accident occurred.

■ It appears clear, from the evidence in the record, and taking plaintiffs' allegations as true, that Imperial has not engaged in solicitation or service activities within Florida. *See* Fla.Stat. § 48.193(1)(f)(1). Furthermore, plaintiff has made no showing that Imperial "is engaged in substantial and not isolated activity" within Florida as required by Fla. Stat. § 48.193(2). This leaves Fla.Stat. § 48.193(1)(f)(2) as the only provision under which Imperial could possibly be subject to service of process.

■ In order to acquire jurisdiction over Imperial under § 48.193(1)(f)(2), "Plaintiff must initially allege in the complaint sufficient jurisdictional facts to show that the non-resident manufactured or serviced a product which was used within the state in the ordinary course of commerce and trade, and which injured a person in this state." *Electro Engineering Products Co., Inc. v. Lewis*, 352 So.2d 862, 864 (Fla.1977). There is no showing in the complaint that Imperial either serviced or manufactured the printing press. The statute includes the term "processed" which is supposedly what plaintiffs contend Imperial did by importing the printing press in question. Even assuming that plaintiffs' are correct in their claim that Fla.Stat. § 48.193(1)(f)(2) permits service of process on Imperial, the court finds that jurisdiction over that defendant does not exist because Imperial lacks sufficient contacts with the state of Florida to make the exercise of jurisdiction over Imperial constitutional.

Personal jurisdiction may be exercised if "the non-resident defendant has adequate 'minimum contacts' with the forum state and if the assertion of a forum's jurisdiction comports with the 'traditional notions of fair play and substantial justice,'" *Delong*, 840 F.2d at 853 citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In order to assert jurisdiction, "it is essential in each

case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) (citations omitted). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Plaintiff has alleged no facts to support the conclusion that Imperial has directed its activities toward the state of Florida, or that Imperial purposefully availed itself of the privilege of conducting activities within the forum State. The fact that Imperial occasionally sells printing presses to two Florida dealers does not affect that conclusion. The dealers are not designated dealers, their purchases are not solicited by Imperial and the purchases are made sporadically.

Plaintiffs contend that it was reasonably foreseeable that Imperial be subject to suit in Florida because Imperial entered the printing press into the stream of commerce. That is simply insufficient to justify haling a defendant into court. That precise argument was resoundly rejected by the Supreme Court in *World–Wide Volkswagen,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490. There, the court held that an automobile distributor could not be brought into court in a foreign state merely by virtue of the fact that the automobile somehow ended up in that state. To do so would be unfair and not in compliance with the notion of substantial justice.

The Supreme Court recently had occasion to consider the stream of commerce theory and its relationship to the minimum contacts analysis. A plurality of the court stated that

> [t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example

... advertising in the forum state ... or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State. But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Asahi Metal Industry Co., Ltd., v. Superior Court of California, Solano County,* 480 U.S. 102, 112, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).

■ This court agrees with the plurality that merely placing a product into the stream of commerce, without more activity directed toward the forum state cannot subject a defendant to suit in a foreign state. For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss for Lack of Personal Jurisdiction of the defendant Imperial Equipment Co., Inc., be and the same is GRANTED.