POLEN, J.
PK Computers, Inc. appeals a non-final order of the trial court denying its motion to dismiss appellees’ complaint on the grounds of lack of personal jurisdiction. We have jurisdiction to determine this non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(i). We reverse.[1]
Appellant is a New York corporation, with no offices located in the state of Florida. The grounds stated in appellees’ complaint upon which they sought to impose long arm *255 jurisdiction was that appellant entered into a contract in Fort Lauderdale, Florida, and later breached that contract. (It does not allege whether the breaches occurred in Florida.) We note that Counts II through VI of appellees’ complaint are devoid of allegations that would bring appellant under the jurisdiction of Florida’s courts.
Under Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), both long arm jurisdiction and minimum contacts must be demonstrated before personal jurisdiction is established. Appellant’s motion to dismiss initially challenged whether the complaint contained sufficient allegations to invoke Florida’s long arm statute, section 48.193 (Fla.1993).
Section 48.193 provides that Florida courts have long arm jurisdiction over a non-resident defendant under the following provisions relevant to this case:
(b) Committing a tortious act within this state.
[[Image here]]
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
The complaint below is insufficient to meet the requirements of subsection (g) because it does not allege that any of the acts alleged to constitute breaches of the contract between the parties were to be performed within the state of Florida. The allegation is merely that the appellant breached its obligation under the contract to deliver working computer equipment to 60 of the 6,000 agencies “located throughout the United States.”
Nor is the complaint legally sufficient to demonstrate long arm jurisdiction under subsection (b), because it fails to allege that the tortious acts that form the basis for Counts II, IV and VI were committed within the state. Each of these tort claims (fraud, tor-tious interference and slander) stems from the alleged communication of oral statements or misstatements by the appellant. The complaint does not state either that the statements were made in the state or that they were directed at listeners who were located in the state.
Since the long arm allegations prong of the Venetian Salami test has not been met, we need not consider the minimum contacts aspect. The trial court erred in denying appellant’s motion to dismiss for lack of personal jurisdiction.
On remand, and on proper motion by the appellees, the order granting appellant’s motion to dismiss should be without prejudice to appellees’ amending the complaint, if they can, to assert proper allegations to support personal jurisdiction over appellant.
GLICKSTEIN and FARMER, JJ., concur.

. Appellees have not filed a brief in this appeal. While the failure to file an answer brief does not constitute a "default,” nor a concession of error, such failure makes our task more difficult in determining the merit, vel non, of appellant's position. If appellees do not contest it, one sentence to that effect would reduce our judicial labors considerably.