960 So.2d 854 (2007)
CASITA, L.P., et al., Appellants,
v.
MAPLEWOOD EQUITY PARTNERS L.P., et al., Appellees.
No. 3D06-1292.
District Court of Appeal of Florida, Third District.
July 11, 2007.
*855 Gibson Dunn & Crutcher and Mitchell Karlan, New York, NY; Thomas & LoCicero and Gregg D. Thomas, Susan Tillotson Bunch and Deanna K. Shullman, Tampa, for appellants.
Akerman Senterfitt and Nancy A. Copperthwaite, Miami, Brian P. Miller, Salt Lake City, UT, Samantha J. Kavanaugh and Kevin C. Schumacher, Miami, for appellees.
Before GREEN and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
In this non-final appeal from an order denying a motion to dismiss for lack of personal jurisdiction,[1] we answer a question unresolved in Wendt v. Horowitz, 822 So.2d 1252, 1253 n. 2 (Fla.2002), whether injury alone to a Florida plaintiff caused by a tortious act committed outside the *856 state is sufficient to invoke the jurisdiction of the courts of this state under Section 48.193(1)(b) of the Florida long-arm statute. Joining the majority of our sister courts of appeal to the north, see Consol. Energy Inc. v. Strumor, 920 So.2d 829 (Fla. 4th DCA 2006), Homeway Furniture Co. of Mount Airy, Inc. v. Horne, 822 So.2d 533 (Fla. 2d DCA 2002), Thompson v. Doe, 596 So.2d 1178, 1179 (Fla. 5th DCA 1992) decision approved by Doe v. Thompson, 620 So.2d 1004 (Fla.1993), we today conclude that it is not.
In this case, two Florida-based investment funds and affiliates, the "Maplewood entities,"[2] seek to have the Florida courts assert personal jurisdiction over four nonresident appellants, two of whom have no contacts with Florida, and two of whom have only minimal Florida contacts unrelated to the cause of action. The complaint alleges that the Casita entitiesone a disappointed fund investorhave knowingly, willfully, and maliciously embarked on an aggressive campaign to destroy the reputation and business of Maplewood by publishing false and disparaging written and oral statements about the Maplewood's competence and honesty, causing Maplewood injury to reputation, goodwill, loss of potential investors and diminished profits. Maplewood seeks to recover from the Casita entities compensatory and punitive damages for defamation, tortious interference with business relations, and tortious interference with contractual relations. Although Maplewood alleges the defamatory statements occurred both inside and outside the state, the proofs presented at the hearing refute the former allegation. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989)(When a defendant, by competent proof contests the allegations of the complaint concerning jurisdiction, the burden falls to the plaintiff to prove the basis of upon which jurisdiction may be obtained).
Our standard of review is de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000). Our inquiry requires us to first determine whether the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of any section of the Florida long-arm statute, § 48.193, Fla. Stat. (2005), and, if so, whether sufficient minimum contacts are demonstrated to satisfy due process under the Fourteenth Amendment to the United States Constitution. Execu-Tech, 752 So.2d at 584. Maplewood contends that the courts of this state can lawfully assert personal jurisdiction over the defendants in this case under section 48.193(1)(b) of Florida's long-arm statute (2005). The section states:
Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . . .

*857 (b) Committing a tortious act within this state.
The statute expressly requires that the tort be committed in Florida. Under Florida law, the tort of defamation is committed in the place where it is published. See, e.g., Firstamerica Dev. Corp. v. Daytona Beach News-Journal Corp., 196 So.2d 97, 102 (Fla.1966); Achievers Unlimited v. Nutri Herb, 710 So.2d 716, 719 (Fla. 4th DCA 1998)("Florida courts subscribe to the rule that the tort of libel occurs wherever the offending material is circulated."). A telephonic, electronic, or written communication is deemed "published" in Florida, subjecting the publisher to long-arm jurisdiction under section 48.193(1)(b) of the Florida Statutes if the communication was made into this state by a person outside the state, even if that person has no other contacts with the state. Horowitz, 822 So.2d at 1258 (citing Carida v. Holy Cross Hosp., 424 So.2d 849 (Fla. 4th DCA 1982)(slanderous telephone calls into state can support a finding of tortuous act committed in Florida), overruled on other grounds, Doe v. Thompson, 620 So.2d at 1004; Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994)(mailing of defamatory letter into Florida); Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So.2d 716 (Fla. 4th DCA 1998)(defamatory statements over telephone to Florida residents by nonresident); Acquadro v. Bergeron, 778 So.2d 1034 (Fla. 4th DCA 2001)(telephone conversations made into Florida), approved, 851 So.2d 665 (Fla. 2003).) In this case, Maplewood is unable to offer any proof that the Casita entities published the injurious statements within Florida. Accordingly, Maplewood's effort to assert jurisdiction over the Casita entities under section 48.193(1)(b) fails.
Maplewood argues that authority from one of our sister courts analyzes the exercise of personal jurisdiction based upon intentional torts under section 48.193(1)(b) of the Florida Statutes using broader concepts. See Allerton v. State Dep't of Ins., 635 So.2d 36, 40 (Fla. 1st DCA 1994); Int'l Harvester Co. v. Mann, 460 So.2d 580 (Fla. 1st DCA 1984). But see Doe v. Thompson, 620 So.2d at 1006 (noting disapproval on other grounds). Maplewood urges that in these cases, the First District Court of Appeal approved personal jurisdiction over the respective defendants under section 48.193(1)(b) of the Florida Statutes based upon a tort committed solely outside the territorial boundaries of this state which was "intended to cause injury" in Florida. In Maplewood's words, "targeted and intentional tortious acts aimed at Florida [are sufficient to] establish the requisite minimum contacts and comport with the requirements of due process of law under Fla. Stat. 48.193(1)(b)." We are not so sanguine about Maplewood's reading of the facts of these cases. Carefully considered, it appears to us in each case that part of the alleged tortious conduct occurred in Florida. Cf. Wood v. Wall, 666 So.2d 984 (Fla. 3d DCA 1996)(finding personal jurisdiction to exist over non-resident promoter defendants "alleged to have committed purposeful, non-fortuitous, intention acts on [the plaintiff] and his associates located in Florida"). Moreover, we find Maplewood's argument to be little more than the facts of this case in repackaged rhetoric.
Finally, while it is not necessary for us to breach any constitutional question to resolve this case, we pause to record our concern that acceptance of the argument made by Maplewood could raise a substantial federal constitutional question. See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(holding that "[s]o long as a commercial actor's efforts are `purposefully directed' toward residents of *858 another State, we have consistently rejected that an absence of physical contacts can defeat jurisdiction there [under the due process clause]"); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295-96, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), ("`Foreseeability' of injury alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). We may not extend the Florida long-arm law beyond its constitutional limits. Steinhilber v. Lamoree, 825 F.Supp. 1003, 1005 (S.D.Fla.1992), aff'd 15 F.3d 1097 (11th Cir.1994)("The Florida long-arm statute must also be strictly construed to ensure compliance with due process requirements."); see also Pluess-Staufer Indus., Inc. v. Rollason Eng'g & Manuf., Inc., 635 So.2d 1070, 1072 (Fla. 5th DCA 1994)("Long-arm statutes are to be strictly construed."). However, because we hold that the trial court is without jurisdiction pursuant to section 48.193(1)(b) of the Florida Statutes, we need not reach the issue of whether Florida may constitutionally exercise jurisdiction over the Casita entities.
Reversed and remanded with directions that the complaint be dismissed without prejudice on the ground of lack of personal jurisdiction.
NOTES
[1] We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(i).
[2] The plaintiffs in the case are: (1) Maplewood Equity Partners, L.P., a domestic equity investment fund organized under the laws of Delaware; (2) Maplewood Equity Partners (Offshore) Ltd., an offshore equity investment fund organized under the laws of the Cayman Islands; (3) Maplewood Management, L.P., a Delaware limited partnership, which is the funds manager of both funds; Maplewood Partners L.P., a Delaware limited partnership, the funds' advisor; and (5) Maplewood Holdings, LLC, a Delaware limited liability company, the general partner in Maplewood Partners and Maplewood Management. The funds, their manager and their advisor all have their principal place of business in Coral Gables, Florida. The plaintiffs sometimes collectively are referred to as "Maplewood."