NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTIAN RAUTENBERG, )
)
      Appellant, )
)
v. )    Case No. 2D15-2938
)
THOMAS FALZ and SYBAC SOLAR AG, )
CO., a foreign profit corporation, )
)
      Appellees. )
_____)

Opinion filed March 11, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Polk County;
John Radabaugh, Judge

Michael M. Brownlee and J. Brock
McClane of Fisher Rushmer, P.A., Orlando,
for Appellant.

Daniel A. Fox and Benjamin W. Hardin, Jr.,
of Hardin & Ball, P.A., Lakeland, for
Appellee Thomas Falz.

No appearance for Appellee Sybac Solar
AG, Co.

SILBERMAN, Judge.

      Thomas Falz sued Christian Rautenberg, individually, and Sybac Solar

AG, Co., a German company, for defamation and tortious interference. Rautenberg, a

German citizen, appeals a nonfinal order that denies his amended motion to dismiss for

lack of personal jurisdiction. Because the complaint fails to allege sufficient jurisdictional facts against Rautenberg, we reverse and remand for the trial court to dismiss the complaint without prejudice.

This case arose from statements Rautenberg made on December 20, 2013, that form the basis for claims for defamation and tortious interference with business relations. The complaint alleges that at all relevant times Sybac was a Foreign Profit Corporation "authorized to do business and conducting substantial business activities in Florida" and that Rautenberg was acting individually and as an agent and/or employee of Sybac. The complaint further alleges that "[t]he false accusations set forth herein were directed at Falz, individually and in his capacity as President of American Vulkan Corporation (hereafter "employer"), located in Winter Haven, Polk County, Florida." The complaint alleges that "[o]n 20 December 2013, Rautenberg, acting individually and as an agent and/or employee of Sybac, published the following false accusations to Falz's employer." The accusations concern fraud and theft by Falz in business dealings.

The appellate court conducts a de novo review of the trial court's determination on personal jurisdiction over a nonresident defendant. Schwartzberg v. Knobloch, 98 So. 3d 173, 180 (Fla. 2d DCA 2012). But the court must strictly construe the long-arm statute. Id. Florida's long-arm statute provides in pertinent part as follows:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

. . . .

2. Committing a tortious act within this state.

. . . .

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

§ 48.193(1)(a)(2), (2), Fla. Stat. (2013).  Personal jurisdiction under the long-arm statute is either general or specific.  See Wiggins v. Tigrent, Inc., 147 So. 3d 76, 85 (Fla. 2d DCA 2014).  By showing that the defendant engaged in substantial and not isolated activities in Florida, a plaintiff establishes general jurisdiction.  Id.  By showing that the defendant committed a tortious act in Florida and has sufficient minimum contacts with the state, a plaintiff establishes specific jurisdiction.  Id. at 86.

In considering a motion to dismiss for lack of personal jurisdiction, the trial court must apply the test set forth in Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).  In doing so, the trial court must first determine whether the complaint alleges jurisdictional facts that are sufficient "to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements."  Wiggins, 147 So. 3d at 84 (quoting Borden v. East-European Ins. Co., 921 So. 2d 587, 592 (Fla. 2006)).

In alleging a basis for jurisdiction, the plaintiff may either track the statutory language without supporting facts or allege specific facts to show that the defendant's actions fall within at least one of the subsections of section 48.193. Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle, 955 So. 2d 598, 601 (Fla. 2d

- 3 -

DCA 2007). If the plaintiff meets the pleading requirement, the defendant then has the burden to file a legally sufficient affidavit or other sworn proof to contest the jurisdictional allegations. Id. The defendant need not contest the ultimate allegations of the complaint but only the jurisdictional allegations. Id. If the defendant's affidavit fully disputes the jurisdictional allegations, then the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that there is a basis for long-arm jurisdiction. Id. at 602. If the affidavits can be harmonized, then the trial court can determine the issue of jurisdiction based on the undisputed facts. Schwartzberg, 98 So. 3d at 178. If the affidavits cannot be harmonized, then the trial court must conduct a limited evidentiary hearing to resolve the issue. Id.

Falz acknowledges that his complaint does not track the language of the long-arm statute. Instead, he contends that the complaint alleges specific facts showing that Rautenberg committed tortious acts constituting defamation and tortious interference in Florida, thus subjecting Rautenberg to specific jurisdiction under section 48.193(1)(a)(2). Falz argues that Rautenberg's tortious conduct was done for the sole purpose of having an effect on Falz in Florida.

The allegations in the complaint do not expressly state that Rautenberg published false accusations about Falz in Florida. Falz alleged that "[t]he false accusations set forth herein were directed at Falz, individually and in his capacity as President of American Vulkan Corporation (hereafter 'employer'), located in Winter Haven, Polk County, Florida." Falz alleged that "[o]n 20 December, 2013, Rautenberg, acting individually and as an agent and/or employee of Sybac, published the following false accusations to Falz's employer." It appears that Falz may have wanted to imply

that the accusations were made in Florida, but the allegation merely states that American Vulkan Corporation is located in Florida.

At a later hearing on motions by corporate defendant Sybac, Falz testified and acknowledged that the accusations were oral statements that Rautenberg made at a meeting in Germany in the presence of Falz, Sebastian Hackforth, and Bernd Hackforth. The Hackforths own Hackforth Holding, which in turn owns American Vulkan Corporation.

Rautenberg argued in his amended motion to dismiss that Falz failed to allege sufficient jurisdictional facts to bring the action within the application of the long-arm statute. Rautenberg further argued that he did not make a defamatory statement that was published in or directed to Florida. His affidavit states that he is a German citizen who lives in Germany. His affidavit further asserts, "I have never committed any tortious act in Florida. Specifically, I never published a defamatory statement about Falz to Falz's employer, American Vulkan in Winter Haven, Florida, as alleged in the complaint."

Thus, even if the complaint could be read to allege that Rautenberg's statement was published in Florida, Rautenberg denied that he published any defamatory statement to Falz's employer in Florida. Falz filed an affidavit in response to the amended motion to dismiss in which he asserts that Rautenberg's "statements were intentionally calculated to cause [Falz] injury in Florida in [his] capacity as president of American Vulkan Corporation."

Our reading of the complaint leads us to conclude that Falz failed to allege that Rautenberg committed a tortious act in Florida that would provide for specific

jurisdiction under section 48.193(1)(a)(2). "The statute expressly requires that the tort be committed in Florida. Under Florida law, the tort of defamation is committed in the place where it is published." Casita, L.P. v. Maplewood Equity Partners L.P., 960 So. 2d 854, 857 (Fla. 3d DCA 2007). The statute's language "necessarily focuses analysis not on where a plaintiff ultimately felt damages, but where a defendant's tortious conduct occurred." Metnick & Levy, P.A. v. Seuling, 123 So. 3d 639, 645 (Fla. 4th DCA 2013). In Metnick & Levy, the appellate court determined that the acts giving rise to the tortious interference claims arose in New York, where a lawyer convinced a client to breach a Florida contract. Id. Thus, the trial court properly dismissed the complaint against the lawyer when the complaint failed to allege acts falling within the long-arm statute. Id. at 646.

In Casita, the trial court did not have personal jurisdiction based on the commission of a tortious act within Florida. 960 So. 2d at 857. There, the complaint alleged that the defamatory statements were made both inside and outside Florida, but the proofs presented at the hearing refuted that allegation. Id. at 856. Because the plaintiff was unable to offer any proof that the injurious statements were published within Florida, the appellate court reversed and remanded for dismissal of the complaint without prejudice. Id. at 857-58.

A complaint is not legally sufficient to allege personal jurisdiction based on tortious acts when the complaint fails to allege that the acts were committed within Florida. PK Computers, Inc. v. Indep. Travel Agencies of Am., Inc., 656 So. 2d 254, 255 (Fla. 4th DCA 1995). In PK Computers, claims of fraud, tortious interference, and slander arose from alleged oral statements, but the complaint did not allege that the

statements were made in Florida or "were directed at listeners who were located in the state." Id.

When the plaintiff fails to meet the first prong of the Venetian Salami test, the court "need not consider the minimum contacts aspect." Id.; see also Casita, 960 So. 2d at 858. The appellate court instructed that on remand the motion to dismiss be granted without prejudice so as to allow the plaintiffs to amend the complaint if they could "assert proper allegations to support personal jurisdiction." PK Computers, 656 So. 2d at 255; see also Russo v. Fink, 87 So. 3d 815, 819 (Fla. 4th DCA 2012).

Here, the complaint fails to meet prong one of the Venetian Salami test because it fails to allege that Rautenberg committed a tortious act within Florida. Thus, we need not reach the issue of whether Rautenberg has sufficient contacts with Florida to satisfy due process concerns. See Casita, 960 So. 2d at 858. However, we discuss minimum contacts to note that a defamatory oral statement made to a person outside Florida does not have the required "connexity" to Florida. Wiggins, 147 So. 3d at 87.

In Wiggins, an alleged conversion occurred by withdrawal of funds from a Delaware account, and the corporate defendant gained dominion and control over the funds in Washington. Id. This court determined that the tort did not occur in Florida and had no connexity with this state; thus, the plaintiff failed to satisfy the requirements for personal jurisdiction. Id. This court recognized that a defendant can commit a tortious act in Florida without physical presence in the state; however, in virtually all of those cases "the finding that personal jurisdiction exists against a nonresident defendant who commits a tort outside of Florida involves some sort of communication directed into Florida for the purpose of fraud, slander, or other intentional tort." Id. at 86. Examples

are when telephonic, electronic, or written communications are directed into Florida. See id.

The United States Supreme Court's decision in Walden v. Fiore, 134 S. Ct. 1115 (2014), lends further support. "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 1121. The Court stated that Calder v. Jones, 465 U.S. 783 (1984), "made clear that mere injury to a forum resident is not a sufficient connection to the forum." 134 S. Ct. at 1125. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Id. In Calder, the defendants had published in the forum state of California an article that a large number of California citizens read. Id. at 1124. Here, there is no allegation of publication in Florida.

In summary, as to specific jurisdiction, the complaint is subject to dismissal because it fails to allege a tortious act committed within Florida and fails the first prong of the Venetian Salami test for long-arm jurisdiction.

As to general jurisdiction, Falz contends that the trial court correctly found that it has general jurisdiction over Rautenberg for engaging in "substantial and not isolated activity within this state." § 48.193(2). "Substantial and not isolated activity" for the purpose of general jurisdiction means activity that is "continuous and systematic." Wiggins, 147 So. 3d at 85 (quoting Two Worlds United v. Zylstra, 46 So. 3d 1175, 1178 (Fla. 2d DCA 2010)). If the defendant's activities meet that requirement, then the minimum contacts necessary to satisfy due process concerns are established. Id.; Schwartzberg, 98 So. 3d at 178.

Again, Falz failed to make sufficient allegations of general jurisdiction as to Rautenberg under section 48.193(2) to satisfy the first prong of the Venetian Salami test.  The complaint alleges, "At all times relevant to this cause, Rautenberg was acting individually and as an agent and/or employee of Sybac."  The complaint then alleges, "At all times relevant to this cause, Sybac was and is a Foreign Profit Corporation authorized to do business and conducting substantial business activities in Florida." The complaint does not allege that Rautenberg conducted substantial business activities in Florida.  Nor does it allege any alter ego or piercing the corporate veil theory to make Rautenberg individually responsible for the activities of Sybac.  See Tara Prods., Inc. v. Hollywood Gadgets, Inc., No. 09-CV-61436, 2010 WL 1531489, at *12 (S.D. Fla. Apr. 16, 2010) (not reported in F. Supp. 2d) (noting that the plaintiff's allegations of alter ego were sufficient to survive a motion to dismiss for lack of personal jurisdiction over the individual defendant).  In addition, the complaint does not even allege that Rautenberg was the person performing Sybac's substantial business activities in Florida.  Thus, the complaint fails to make sufficient allegations of general jurisdiction as to Rautenberg.

Because the complaint fails to make sufficient allegations of jurisdictional facts to bring the action within the ambit of Florida's long-arm statute, the trial court should have dismissed the complaint.  We reverse the order denying Rautenberg's amended motion to dismiss and direct the trial court on remand to dismiss the complaint without prejudice.  See Russo, 87 So. 3d at 819; PK Computers, 656 So. 2d at 255.

Reversed and remanded.

CASANUEVA and SLEET, JJ., Concur.