DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARION KAMINSKY,** individually and as Trustee of The Sylvia
Donenfeld Testamentary Trust,
Appellant,

v.

**JEFFREY HECHT** and **MONICA HECHT,** husband and wife, as legal
guardian of Tara Hecht, a minor, and Shana Hecht, an individual, as
beneficiaries of The Sylvia Donenfeld Testamentary Trust Dated
8/14/2003,
Appellees.

No. 4D18-3442

[May 8, 2019]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth
Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge;
L.T. Case No. 2018CP004382XXXXSB.

Gene D. Lipscher and George P. Ord of Gene D. Lipscher, P.A., Jupiter,
for appellant.

Geoffrey D. Ittleman of the Law Offices of Geoffrey D. Ittleman, P.A.,
Fort Lauderdale, for appellees.

PER CURIAM.

Defendant, Marion Kaminsky, trustee of the Sylvia Donenfeld
Testamentary Trust (the "Trust"), appeals a non-final order denying her
motion to dismiss for lack of personal jurisdiction. We reverse because
Florida's long-arm statute, section 48.193, Florida Statutes (2018), does
not provide a basis for a Florida court to assert personal jurisdiction over
this foreign defendant. Specifically, the plaintiffs' amended complaint does
not establish that Kaminsky committed a tortious act in this state.

The Trust was established in New York in 2003. Within the Trust,
separate accounts were to be created for the benefit of multiple
beneficiaries. Kaminsky began to serve as trustee in 2008 and moved the
principal place of administration to New Jersey in 2012.

Plaintiffs, beneficiaries of the Trust (the "Beneficiaries"), allege that Kaminsky breached her fiduciary duties as trustee by failing to provide an accounting of the Trust, mismanaging the investment of Trust funds, and commingling Trust funds meant for their benefit with the funds of other beneficiary accounts.

This Court "conduct[s] a de novo review of a trial court's [purely legal] ruling on a motion to dismiss for lack of personal jurisdiction." *Wendt v. Horowitz*, 822 So. 2d 1252, 1256 (Fla. 2002). "Because this case arises from a motion to dismiss for lack of personal jurisdiction," the facts are derived "from the affidavits in support of the motion to dismiss, and the transcripts and records submitted in opposition to the motion to dismiss." *Id.* at 1254.

The Florida Supreme Court has articulated a two-step inquiry for determining whether long-arm jurisdiction over a nonresident defendant in a given case is proper:

> In determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.

*Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) (citation omitted). "Both parts must be satisfied for a court to exercise personal jurisdiction over a non-resident defendant." *Am. Fin. Trading Corp. v. Bauer*, 828 So. 2d 1071, 1074 (Fla. 4th DCA 2002).

Plaintiff bears the initial burden of pleading the basis for service under the long-arm statute. *Venetian Salami*, 554 So. 2d at 502. "Initially, the plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts." *Id.*; *see also* Fla. R. Civ. P. 1.070(h). Plaintiff may also "alleg[e] specific facts demonstrating that the defendant's actions fit within one or more of the subsections of section 48.193, Florida's long-arm statute." *Washington Capital Corp. v. Milandco, Ltd.*, 695 So. 2d 838, 841 (Fla. 4th DCA 1997).

Florida's long-arm statute provides in relevant part:

(1)(a) A person, whether or not a citizen or resident of this

state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

. . . .

2. Committing a tortious act within this state.

§ 48.193(1)(a)2., Fla. Stat.

The Beneficiaries' complaint does not track the language of the long-arm statute or allege specific facts to demonstrate that Kaminsky's alleged breaches of fiduciary duty fit within a subsection of the long-arm statute. The Beneficiaries first mentioned the long-arm statute in their response to Kaminsky's motion to dismiss. In their response, they argued that section 48.193(1)(a)2. was satisfied because the alleged acts caused injury in Florida.

Generally, physical presence in Florida is not required to "commit a tortious act" for purposes of the long-arm statute. *See Wendt*, 822 So. 2d at 1260. However, a majority of the district courts, including this court, have held that "mere injury in Florida resulting from a tort committed elsewhere is insufficient to support personal jurisdiction over a non-resident defendant." *Consol. Energy Inc. v. Strumor*, 920 So. 2d 829, 832 (Fla. 4th DCA 2006); *see also Casita, L.P. v. Maplewood Equity Partners L.P.*, 960 So. 2d 854, 857 (Fla. 3d DCA 2007); *Homeway Furniture Co. of Mount Airy, Inc. v. Home*, 822 So. 2d 533, 537 (Fla. 2d DCA 2002). *But see Allerton v. State Dep't of Ins.*, 635 So. 2d 36, 40 (Fla. 1st DCA 1994).

Kaminsky submitted an affidavit declaring that she has never resided in Florida, the settlor of the Trust never resided in Florida, the Trust has always been administered from either New York or New Jersey, and no trust assets are located in Florida. The Beneficiaries did not contest these assertions by a counter-affidavit. *See Cosmopolitan Health Spa, Inc. v. Health Indus., Inc.*, 362 So. 2d 367, 368 (Fla. 4th DCA 1978).

There are no allegations of acts or misconduct by Kaminsky in Florida. The failure to provide an accounting and any mismanagement of Trust assets occurred in New York or New Jersey. *Cf. Weinberg v. Weinberg*, 936 So. 2d 707, 709 (Fla. 4th DCA 2006) (holding that, for venue purposes, breaches of fiduciary duty by trustee occurred in county where trust was

3

sited and administered).

"Since the long arm allegations prong of the *Venetian Salami* test has not been met, we need not consider the minimum contacts aspect." *PK Computers, Inc. v. Indep. Travel Agencies of Am., Inc.*, 656 So. 2d 254, 255 (Fla. 4th DCA 1995).

The order of the trial court denying defendant's motion to quash is therefore reversed. We remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

GERBER, C.J., LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**