# Third District Court of Appeal

## State of Florida

Opinion filed September 25, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1217
Lower Tribunal No. 2021-CA-000154-M
_____

## Pipistrel d.o.o., a foreign corporation,
Appellant,

vs.

## Susan L. Ciccolini, as Personal Representative of the Estate of Stephen Mark Fraysher, deceased, on behalf of herself and all potential beneficiaries and heirs,
Appellee.

An Appeal from a non-final order from the Circuit Court for Monroe County, Mark Jones, Judge.

Locke Lord LLP, Dale A. Evans, Jr. (West Palm Beach), and Eric C. Strain (New York, NY), for appellant.

Podhurst Orseck, P.A., Stephen F. Rosenthal, Christina H. Martinez and Kristina M. Infante, for appellee.

Before LOGUE, C.J., and FERNANDEZ and GORDO, JJ.

GORDO, J.

Pipistrel d.o.o. appeals a non-final order denying its motion to dismiss Susan Ciccolini's ("Ciccolini") second amended complaint for lack of personal jurisdiction. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). Because Ciccolini failed to meet her burden to establish personal jurisdiction over Pipistrel d.o.o., we reverse.

**I.**

Pipistrel d.o.o. is a Slovenian aircraft component manufacturer. Pipistrel d.o.o. manufactured and sold aircraft parts in Slovenia to Pipistrel Italia S.R.L. ("Pipistrel Italia"), an Italian aircraft manufacturer. Pipistrel Italia then incorporated the components into an aircraft that it subsequently sold to Ciccolini's husband, Stephen Fraysher ("Fraysher"), through an independent third-party distributor, Pipistrel USA. Pipistrel USA advertises and arranges distribution of Pipistrel aircraft in the United States, Australia and New Zealand.

On April 9, 2020, Fraysher died when the Pipistrel Sinus 912 light sport aircraft he was piloting crashed in Marathon, Florida. Ciccolini filed the underlying wrongful death action against Pipistrel d.o.o. and others[1] alleging

---

[1] Ciccolini also named as defendants Pipistrel Italia, the aircraft's Italian manufacturer, BRP-Rotax GmbH & Co. KG ("BRP-Rotax"), the Austrian engine manufacturer, and the company that serviced the aircraft locally, Marathon Aviation Associates, LLC d/b/a Marathon General Aviation ("MGA").

negligence and strict liability.  For purposes of personal jurisdiction, the complaint alleged:

> On information and belief, Defendant PIPISTREL [d.o.o.] designs, manufactures, produces, maintains, repairs, inspects, markets, distributes, and sells products such as the subject aircraft to customers in the United States, including customers in Florida.
>
> At all times material, Defendant PIPISTREL [d.o.o.] was transacting or conducting business in the United States, and more specifically in Florida, including by intentionally placing its products into the United States' stream of commerce with the intention and purpose that its products would be used in the Florida market by Florida residents, including the Decedent.

In response, Pipistrel d.o.o. filed a motion to dismiss for lack of personal jurisdiction.  Pipistrel d.o.o. asserted the trial court lacked personal jurisdiction because it is a Slovenian company that has its principal place of business in Slovenia; it is not and has never been incorporated in Florida; it is not registered and does not conduct any business in Florida; it maintains no offices in Florida; it has no officers, directors or employees in Florida; it has no dealers or distributors in Florida; it does not pay any taxes in Florida; and it does not hold any bank accounts or have any telephone listings in Florida.  Pipistrel d.o.o. additionally asserted it did not design, manufacture or sell the subject aircraft and that it did not design, manufacture, market,

3

sell or deliver any products, including the subject aircraft or any of its components, in Florida.

Ciccolini later filed an amended complaint, followed by a second amended complaint. The second amended complaint did not allege that any specific component manufactured by Pipistrel d.o.o. caused or contributed to the accident. It did, however, contain a new section titled "jurisdictional allegations" that included allegations concerning an independent dealer, Pipistrel USA, and two individuals, Rand Vollmer and Michael Coates, who Ciccolini alleged marketed and promoted Pipistrel aircraft in Florida, and with whom she alleged Fraysher dealt with for purchasing, training and support related to his aircraft. Specifically, the second amended complaint alleged:

> At all relevant times, PIPISTREL [d.o.o.] and PIPISTREL ITALIA routinely market Pipistrel products in the United States, and in Florida in particular. These advertising and marketing activities, include but are not limited to:
>
> a.  Showcasing and marketing Pipistrel products at air shows multiple times per year, including in Sebring and Zephyrhills, Florida.
>
> b.  Employing Pipistrel dealers to represent Pipistrel and market Pipistrel products at air shows in Florida, including scheduling demo flights for interested buyers.
>
> c.  Employing Pipistrel dealers who are based in the United States, and in Florida in particular.

d. Advertising in aviation magazines distributed in the United States, and in Florida in particular.

e. Maintaining website and social media pages devoted to advertising to U.S. customers, including pipistrel-usa.com, a twitter account with the handle @pipistrel_USA, and a Facebook page called Pipistrel USA described as the "official Pipistrel page for the United States."

. . .

Pipistrel's activities vis-à-vis Mr. Fraysher—the marketing of the aircraft, showcasing the aircraft, conducting demo flights of the aircraft, answering questions about the aircraft, order of the aircraft, delivery of the aircraft, assembly of the aircraft, testing of the aircraft, inspection of the aircraft, training of Mr. Fraysher, customer support for Mr. Fraysher—was activity that Pipistrel agents and representatives conducted in the state of Florida.

Pipistrel d.o.o. responded with another motion to dismiss for lack of personal jurisdiction supported by a sworn affidavit of the company's Chief Technology Officer, which maintained that Pipistrel d.o.o. was not subject to personal jurisdiction in Florida because it did not design, manufacture or sell the aircraft involved in the accident and it did not market, sell or deliver any aircraft parts in Florida. Ciccolini filed a response in opposition but did not

5

file any countervailing affidavits.  The trial court conducted a hearing[2] and denied Pipistrel d.o.o.'s motion to dismiss.  This appeal followed.

## II.

"We review de novo the trial court's ruling on a motion to dismiss for lack of personal jurisdiction." Castillo v. Concepto Uno of Mia., Inc., 193 So. 3d 57, 59 (Fla. 3d DCA 2016) (citing Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002)).

On appeal, Pipistrel d.o.o. argues the trial court erred in finding it was subject to personal jurisdiction consistent with Florida's long-arm statute and constitutional due process requirements.

To determine whether the exercise of jurisdiction over a nonresident defendant exists, Florida courts must apply the two-step inquiry set forth in Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989).  The court must first determine whether the operative complaint "alleges sufficient jurisdictional facts to bring the action within the ambit of [Florida's long-arm] statute; and if it does, the next inquiry is whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements." Id. at 502 (quoting Unger v. Publisher Entry Serv., Inc., 513 So. 2d 674, 675 (Fla. 5th

---

[2] The court held a hearing on Pipistrel d.o.o.'s motion to dismiss, along with parallel motions by Pipistrel Italia and BRP-Rotax.

6

DCA 1987)).  The first prong is statutory and is governed by section 48.193, Florida Statutes, Florida's long-arm statute.  The second prong is constitutional and "is controlled by United States Supreme Court precedent interpreting the Due Process Clause and imposes a more restrictive requirement."  Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co. Ltd., 752 So. 2d 582, 584 (Fla. 2000).  "A court can exercise personal jurisdiction only if the [nonresident defendant] maintains 'certain minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"Long-arm jurisdiction under section 48.193 may be established in one of two ways: 'general' jurisdiction or 'specific' jurisdiction."  Banco de los Trabajadores v. Cortez Moreno, 237 So. 3d 1127, 1132 (Fla. 3d DCA 2018).  As the parties agree that general jurisdiction is not at issue, we examine whether Ciccolini states a claim subjecting Pipistrel d.o.o. to specific jurisdiction.

As this Court has previously explained, specific jurisdiction is "claim-specific."  Id. at 1133.  "A Florida court may exercise 'specific' jurisdiction over a nonresident defendant in those cases in which it is alleged that the nonresident defendant commits any of the specific acts enumerated in the

7

statute in Florida, so long as the cause of action arises from that enumerated act committed in Florida." Id. These dual requirements are known as the "connexity" requirement. Neal, Gerber & Eisenberg LLP v. Lamb-Ferrara, 388 So. 3d 1112, 1117 (Fla. 3d DCA 2024) (quoting Kapila v. RJPT, Ltd., 357 So. 3d 241, 246 (Fla. 2d DCA 2023)). Included among the statutorily delineated acts are the commission of a tortious act within the state and causing personal injury within the state. See § 48.193(1)(a)(2), (6), Fla. Stat.[3]

---

[3] Section 48.193(1)(a) provides, in relevant part:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> . . . .
> 2. Committing a tortious act within this state.
> . . . .
> 6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:
>
> a. The defendant was engaged in solicitation or service activities within this state; or
>
> b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this

In alleging a basis for jurisdiction, the plaintiff bears the initial burden and "may either track the statutory language without supporting facts or allege specific facts to show that the defendant's actions fall within at least one of the subsections of section 48.193." Rautenberg v. Falz, 193 So. 3d 924, 928 (Fla. 2d DCA 2016). "If the plaintiff meets the pleading requirement, the defendant then has the burden to file a legally sufficient affidavit or other sworn proof to contest the jurisdictional allegations." Id. "If the defendant's affidavit does fully dispute the jurisdictional allegations in the plaintiff's complaint, the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that a basis for long-arm jurisdiction exists." Hilltopper Holding Corp. v. Est. of Cutchin ex rel. Engle, 955 So. 2d 598, 602 (Fla. 2d DCA 2007). "If the plaintiff fails to come forward with sworn proof to refute the allegations in the defendant's affidavit and to prove jurisdiction, the defendant's motion to dismiss must be granted." Id.

Pipistrel d.o.o. asserts Ciccolini's second amended complaint fails to sufficiently allege that it committed a tortious act in Florida[4] under section

---

state in the ordinary course of commerce, trade, or use.

§ 48.193(1)(a)(2), (6).

[4] Ciccolini does not address subsection (1)(a)(2) of section 48.193 in her answer brief and thus, does not assert that Pipistrel d.o.o.'s "[c]ommitting a

9

48.193(1)(a)(2), or that any particular component manufactured by Pipistrel d.o.o. that was on the aircraft caused or contributed to Fraysher's death under section 48.193(1)(a)(6).

The second amended complaint alleges that Pipistrel d.o.o. "designs, manufactures, produces, maintains, repairs, inspects, markets, distributes, and sells products **such as the subject aircraft** to customers . . . in Florida." (emphasis added). It also alleges that Pipistrel d.o.o. "was transacting or conducting business . . . in Florida, including by intentionally placing its products into the United States' stream of commerce with the intention and purpose that its products would be used in the Florida market by Florida residents, including [Fraysher]." Finally, it contains allegations that Pipistrel d.o.o. engaged in "advertising and marketing activities" vis-à-vis Fraysher. According to Ciccolini, these allegations establish personal jurisdiction under section 48.193(1)(a)(6) of the long-arm statute. We agree that on their face, the jurisdictional allegations in the second amended complaint are sufficient to allege long-arm jurisdiction under section 48.193(1)(a)(6), which imposes jurisdiction on a nonresident manufacturer for injuries caused by products

_____

tortious act" in Florida served as a basis for invoking Florida long-arm jurisdiction. As such, we decline to address this issue.

10

manufactured anywhere and used or consumed in Florida in the ordinary course of commerce.

We find, however, the affidavit filed by Pipistrel d.o.o. is sufficient to refute the jurisdictional allegations. Pipistrel d.o.o. filed an uncontroverted affidavit which describes the nature of Pipistrel d.o.o.'s business activities and its complete lack of relationship with the state of Florida. According to the affidavit of Tine Tomažač, the Chief Technology Officer, Pipistrel d.o.o. is in the business of supplying certain aircraft parts and components for Pipistrel light sport aircraft in Slovenia. Pipistrel d.o.o. has its principal place of business in Slovenia and maintains no offices in Florida. Pipistrel d.o.o. has no dealers or distributors in Florida. The affidavit states Pipistrel d.o.o. did not design, manufacture or sell the subject aircraft, and Pipistrel d.o.o. never had possession of or involvement with the completed subject aircraft. The affidavit additionally states Pipistrel d.o.o. did not sell, market, promote, advertise or deliver any of the aircraft's components to anyone in Florida, including Fraysher. Indeed, Pipistrel d.o.o. does not manufacture or promote any products for the Florida market.

Further, Tomažač's uncontroverted affidavit alleged Pipistrel d.o.o. was not engaged in any advertising whatsoever for the Florida market and did not send employees to Florida to participate in airshows, conduct demo

11

flights, provide support or training, showcase aircraft or aircraft components or assemble, test or inspect aircraft or aircraft components. The affidavit states Pipistrel USA has never been a corporate affiliate, agent or representative of Pipistrel d.o.o. and the website, pipistrel-usa.com, the Twitter handle, @pipistrel_USA, and the Facebook page, Pipistrel USA, have never been owned, operated or controlled by Pipistrel d.o.o. The affidavit additionally states Rand Vollmer and Michael Coates were not employed by Pipistrel d.o.o.

The gravamen of Ciccolini's basis for specific jurisdiction over Pipistrel d.o.o. is that it manufactured a product—namely, the subject aircraft—that was used in the ordinary course of commerce and caused personal injury in Florida. In response to the jurisdictional allegations, Pipistrel d.o.o. made factual assertions that it did not manufacture, process or service the subject aircraft.

Because the allegations in Pipistrel d.o.o.'s affidavit fully disputed Ciccolini's jurisdictional allegations, it was incumbent on Ciccolini to come forward with sworn proof of a basis for jurisdiction. Upon review of the record, we find Ciccolini failed to do so. Ciccolini did not prove by affidavit or other sworn proof that there is a basis for long-arm jurisdiction as she only provided email communications between Fraysher and representatives from

12

Pipistrel USA, a death certificate and an attorney declaration which contained no substantive evidence. Because Ciccolini failed to refute the legally sufficient factual allegations set forth in Pipistrel d.o.o.'s affidavit, its motion challenging personal jurisdiction should have been granted. See Hilltopper Holding Corp., 955 So. 2d at 603 ("Once [Appellants] filed their affidavits fully disputing the jurisdictional allegations of the [Appellee's] complaint, the [Appellee] had the burden to prove a basis for jurisdiction. Because the [Appellee] failed to refute the legally sufficient factual assertions set forth in [Appellants'] affidavits, their motions challenging personal jurisdiction should have been granted. Accordingly, we reverse and remand for the trial court to dismiss the complaint as to these defendants."); Blumberg v. Steve Weiss & Co., Inc., 922 So. 2d 361, 364-65 (Fla. 3d DCA 2006) (finding jurisdiction pursuant to section 48.193(1)(f)(2), the earlier citation to subsection (1)(a)(6), was not established because "it is undisputed that [the nonresident defendant] did not manufacture the Norephedrine" that caused plaintiff's injuries, nor did it engage in "processing" or "servicing" of the Norephedrine); Tomashevsky v. Komori Printing Mach. Co., Ltd., 691 F. Supp. 336, 338 (S.D. Fla. 1988) (examining subsection (1)(f)(2), the earlier citation to subsection (1)(a)(6), and holding the plaintiff failed to invoke Florida long-arm jurisdiction when there was "no showing in the complaint

13

that [the nonresident defendant] either serviced or manufactured the printing press" that caused plaintiff's injuries). Accordingly, we reverse the order denying Pipistrel d.o.o's motion to dismiss for lack of personal jurisdiction and remand with instructions for the trial court to enter an order dismissing Pipistrel d.o.o. from this action.[5]

Reversed and remanded with instructions.

---

[5] Because we conclude that Ciccolini failed to allege sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm jurisdiction, we do not address whether she established the requisite minimum contacts, the second step of the Venetian Salami analysis. We note, however, that the United States Supreme Court "has limited [section 48.193(1)(a)(6)] jurisdiction over a manufacturer on due process grounds, concluding that merely placing goods in the stream of commerce does not create sufficient minimum contacts to warrant the assertion of jurisdiction." S. Wall Prods., Inc. v. Bolin, 251 So. 3d 935, 939-40 (Fla. 4th DCA 2018).