# Third District Court of Appeal

## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1032
Lower Tribunal No. 24-11078-CA-01
_____

**Claudio De Simone,**
Appellant,

vs.

**Salvatore Orlando, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Lash Goldberg Fineberg, LLP, and Michael L. Ehren; Schulman Bhattacharya, LLC, and Jeremy W. Schulman, Jeffrey S. Gavenman, and James Schaller (North Bethesda, MD), for appellant.

Carlton Fields, P.A., and Alan Rosenthal, and Natalie J. Carlos, for appellee Salvatore Orlando.

Before FERNANDEZ, LINDSEY and GOODEN, JJ.

PER CURIAM.

Appellant Claudio De Simone filed suit against his former financial advisor, Appellee Salvatore Orlando, and others, to recover monies fraudulently taken from him. De Simone and Orlando are both residents and citizens of Switzerland. The complaint lays out a conspiratory scheme wherein Orlando presented the signature page of a loan agreement and De Simone unknowingly signed it. Under that agreement, De Simone loaned monies to a Panamanian company, which funneled the funds into a shell corporation and the funds were eventually used to finance seven restaurants around the world, including at least one in Miami. Citing section 48.193(1)(a), Florida Statutes, De Simone asserted Orlando committed tortious acts *in part* in Florida and injured De Simone in Florida.

Orlando moved to dismiss for lack of personal jurisdiction. In support, Orlando submitted a declaration setting forth that he has zero ties to Florida and no tortious acts occurred in Florida. Even so, De Simone maintained that the goal of the fraud was to finance the Miami restaurant. He filed his own affidavit outlining the fraud—but it did not show any tortious acts committed in Florida.

And so, without ordering jurisdictional discovery or conducting an evidentiary hearing, the trial court granted the motion. It ruled that the

alleged tortious acts did not occur in Florida and that Orlando lacked sufficient minimum contacts.  De Simone seeks review of this order.

Finding no error, we affirm.  See Kowalski v. Binance Holdings Ltd., 425 So. 3d 726, 731 (Fla. 3d DCA 2025) ("The plaintiff has the initial burden to plead the basis for personal jurisdiction.  To contest personal jurisdiction, the defendant must either argue that the plaintiff failed to meet its initial pleading burden or provide admissible evidence that refutes the essential jurisdictional facts set forth in the plaintiff's complaint.  If a defendant fully refutes the jurisdictional allegations, then the burden shifts back to the plaintiff to prove the basis for jurisdiction.  If the plaintiff fails to rebut the defendant's evidence, then the motion to dismiss must be granted.") (internal citations omitted); Parisi v. Kingston, 314 So. 3d 656, 661 (Fla. 3d DCA 2021) ("But, a claim for civil conspiracy must contain clear, positive and specific allegations; general allegations of conspiracy are not sufficient. And, where the conspiracy allegations are deficient, the trial court must dismiss the complaint against a nonresident defendant for lack of personal jurisdiction.") (internal citation omitted); Banco de los Trabajadores v. Cortez Moreno, 237 So. 3d 1127, 1136 (Fla. 3d DCA 2018) ("We cannot read section 48.193(1)(a)'s dual requirements—both that a defendant does an enumerated act in Florida and that the cause of action arises from an

3

enumerated act in Florida—as authorizing the exercise of specific jurisdiction when the only tort relied upon to confer such jurisdiction is a civil conspiracy to commit a tort, and *no* element of the underlying tort is alleged to have occurred in Florida."); NHB Advisors, Inc. v. Czyzyk, 95 So. 3d 444, 448 (Fla. 4th DCA 2012) ("However, a court will decline to apply the co-conspirator theory to extend jurisdiction over nonresidents if the plaintiff fails to plead with specificity any facts supporting the existence of the conspiracy and provides nothing more than vague and conclusory allegations regarding a conspiracy involving the defendants."); Casita, L.P. v. Maplewood Equity Partners L.P., 960 So. 2d 854, 857 (Fla. 3d DCA 2007) ("The statute expressly requires that the tort be committed in Florida."); see also Estes v. Rodin, 259 So. 3d 183, 199 (Fla. 3d DCA 2018) ("Because Appellants failed to rebut Appellees' affidavits with Estes's counter-affidavit, the trial court did not abuse its discretion by denying limited jurisdictional discovery.").

Affirmed.